**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| THE OCEANAIRE TEXAS RESTAURANT COMPANY, L.P., *et al.*,[1] | Case No.: 09-34262-bjh-11 |
| | Jointly Administered |
| Debtors. | |

## GLOBAL NOTES AND STATEMENTS OF LIMITATIONS, METHODS AND DISCLAIMER REGARDING THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

The Oceanaire Texas Restaurant Company, L.P. ("OTRC"), The Oceanaire Restaurant Company, Inc. ("ORCI"), The Oceanaire, Inc. ("TOI"), The Oceanaire Investment Company, Inc. ("OICI"), The Oceanaire Minneapolis Restaurant Company, LLC ("OMRC"), and The Oceanaire Texas Beverage Company, Inc. ("OTBC," and together with OTRC, ORCI, TOI, OICI, and OMRC, the "Debtors" and each a "Debtor"), are filing their respective Schedules of Assets and Liabilities (the "Schedules") and Statements of Financial Affairs (the "Statements" and, with the Schedules, the "Schedules and Statements") in the United States Bankruptcy Court for the Northern District of Texas (the "Bankruptcy Court"). The Debtors prepared the Schedules and Statements in accordance with section 521 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code") and Rule 1007 of the Federal Rules of Bankruptcy Procedure.

These Global Notes and Statements of Limitations, Methods and Disclaimer Regarding the Debtors' Schedules and Statements (the "Global Notes") pertain to, are incorporated by reference in and comprise an integral part of all the Schedules and Statements. These Global Notes should be referred to and reviewed in connection with any review of the Schedules and Statements.[2]

The Schedules and Statements were prepared by the Debtors' management in reliance upon the financial data derived from the Debtors' books and records as available at the time of such preparation. They are unaudited. While those members of management

---

[1] The other Debtors in these cases include The Oceanaire Restaurant Company, Inc., The Oceanaire, Inc., The Oceanaire Investment Company, Inc., The Oceanaire Minneapolis Restaurant Company, LLC, and The Oceanaire Texas Beverage Company, Inc.

[2] These Global Notes are in addition to the specific notes contained in each of the Debtors' Schedules and Statements. The fact that the Debtors have prepared a "General Note" with respect to any specific item in the Schedules or Statements and not to others should not be interpreted as a decision by the Debtors to exclude the applicability of such General Note to any other items in the remaining Schedules and Statements, as appropriate.

responsible for the preparation of the Schedules and Statements have made a reasonable effort to ensure that they are accurate and complete based on information known to them at the time of preparation and after reasonable inquiries, inadvertent errors may exist therein. Also, the subsequent receipt of information may result in material changes in financial and other data contained in the Schedules and Statements, warranting amendment of the same. Moreover, because the Schedules and Statements contain unaudited information that is subject to further review and potential adjustment, there can be no assurance that these Schedules and Statements are complete or accurate. For privacy purposes, the Debtors have not listed the home addresses of employees, directors, officers and stockholders.

1. <u>Case</u>. On July 5, 2009 (the "<u>Petition Date</u>"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

2. <u>Reporting Date</u>. Financial information relating to the assets and liabilities reported in the Schedules and Statements is provided as of the Petition Date, unless otherwise indicated herein or on the Schedules and Statements themselves. Specifically, information contained in each of the Debtors' Schedule B and Statement 1 is provided as of June 28, 2009, the end of the Debtors' sixth accounting period.

3. <u>Corporate Structure</u>: TOI owns 100% of ORCI and OICI, respectively. ORCI owns 100% of OTBC; is the sole member of OMRC; and is the general partner in OTRC with a 1% interest. OICI is the limited partner in OTRC with a 99% interest.

4. <u>Basis of Presentation</u>. For financial reporting and book keeping purposes, the Debtors prepare consolidated financial statements for the Debtors. Unlike the consolidated financial statements, the Schedules and Statements, except where otherwise indicated, reflect the assets and liabilities of each Debtor on an individual basis. Accordingly, the totals listed in the Schedules and Statements will likely differ, at times materially, from the consolidated financial reports. Given the uncertainty surrounding the ownership and valuation of certain assets and the valuation and nature of certain liabilities, to the extent that a Debtor may show more assets than liabilities, this is not an admission that the Debtor was solvent at the Petition Date or at any time prior thereto. Likewise, to the extent a Debtor shows more liabilities than assets, this is not an admission that the Debtor was insolvent at the Petition Date or any time prior thereto.

5. <u>Accounts Payable and Disbursement Systems</u>. The Debtors utilize a consolidated accounts payable and disbursements system through which they pay most business-related expenses, except that OTBC pays for alcoholic beverages and gross receipts taxes from a separate account.

6. <u>Accounts Receivable Systems</u>. The Debtors utilize separate accounts receivable systems through which they manage their respective accounts receivable information.

7. <u>Amendments</u>. The Debtors reserve their rights to amend the Schedules and Statements in all respects at any time as may be necessary or appropriate, including,

without limitation, the right to dispute or to assert offsets or defenses to any claim reflected on the Schedules and Statements as to amount, to liability, or to classification, or to otherwise subsequently designate any claim as "disputed," "contingent," or "unliquidated." Any failure to designate a claim as "contingent," "unliquidated," or "disputed" does not constitute an admission by the Debtors that such claim is not "contingent," "unliquidated," or "disputed."

8.     <u>Estimates and Assumptions</u>.     The preparation of the Schedules and Statements required the Debtors to make estimates and assumptions that affect the reported amounts of assets and liabilities, the disclosures of contingent assets and liabilities on the date of the Schedules and Statements and the reported amounts of revenues and expenses during the reporting period. Actual results could differ from those estimates.

9.     <u>Unknown Amounts</u>.     Some of the scheduled assets and liabilities are unknown and unliquidated at this time. In such cases, the amounts are listed as "Unknown." Accordingly, the Schedules and the Statements do not accurately reflect the aggregate amount of such of the Debtors' assets and liabilities.

10.     <u>Pre-Petition v. Post-Petition</u>.     The Debtors have sought to allocate liabilities between the pre-petition and post-petition periods based on the information obtained from research that was conducted in connection with the preparation of these Schedules and Statements. As additional information becomes available and further research is conducted, the allocation of liabilities between pre-petition and post-petition periods may change.

11.     <u>GAAP</u>.     Given the difference between the information requested in the Schedules and Statements, and the financial information utilized under generally accepted accounting principles in the United States ("<u>GAAP</u>"), the aggregate asset values and claim amounts set forth in the Schedules and Statements do not necessarily reflect the amounts that would be set forth in a balance sheet prepared in accordance with GAAP.

12.     <u>Asset Values</u>.     It would be prohibitively expensive, unduly burdensome, and time-consuming to obtain current market valuations of the Debtors' property interests. The Debtors used recent market valuations to estimate asset value only where such was readily available and discernible. Accordingly, to the extent any asset value is listed herein, and unless otherwise noted therein, book values rather than current market values of the Debtors' property interests are reflected in the applicable Schedule. As applicable, assets that have been fully depreciated or were expensed for accounting purposes have no book value. And, unless otherwise indicated, all asset amounts and claim amounts are listed as of the Petition Date.

13.     <u>Intercompany Transfers</u>.     Because of the Debtors' consolidated cash management systems, certain of the information set forth in the Schedules and Statements may not accurately reflect payments by an affiliated Debtor on behalf of another Debtor. The Debtors' cash management system and regular intercompany transfers are explained

fully in the Motion of the Debtors for Order (I) Authorizing and Approving Continued Use of Existing Cash Management System, (II) Authorizing Continued Use of Existing Bank Accounts and Business Forms, and (III) Waiving the Requirements of 11 U.S.C. § 345(b) (the "Cash Management Motion"). See The Oceanaire Texas Restaurant Company, L.P., et al., Bankr. N.D. Tex. Case No. 09-34262, Docket No. 9. The Bankruptcy Court for the Northern District of Texas entered an order granting the relief requested in the Cash Management Motion.

14. <u>Challenge of Liens</u>. Except as otherwise agreed pursuant to a stipulation or agreed order or general order entered by the Bankruptcy Court, the Debtors reserve the right (i) to dispute or to challenge the validity or perfection or (ii) to seek to avoid any lien or security interest purported to be granted or perfected in any specific asset to a secured creditor listed on Schedule D. Moreover, although the Debtors may have scheduled claims of various creditors as secured claims, the Debtors reserve all of their rights to dispute or to challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument related to such creditor's claim. The description provided on Schedule D is intended only to be a summary.

15. <u>First-Day Orders</u>. Pursuant to various orders issued by the Bankruptcy Court (the "First Day Orders"), the Debtors were authorized to pay certain outstanding pre-petition claims, including, without limitation, claims relating to employee compensation, employee benefits, reimbursable business expenses of employees, liquor bills, certain taxing authorities and certain other expenses. However, the claims listed in the Schedules and Statements may not reflect amounts paid pursuant to these various First Day Orders as they were unpaid as of the Petition Date. Moreover, to the extent such a claim is listed on the Schedules and Statements, inadvertently or otherwise, the Debtors do not waive any right to amend the Schedules and Statements or subsequently to object to such claims.

16. <u>Credits in the Ordinary Course of Business</u>. In the ordinary course of their business, the Debtors apply credits against amounts otherwise due to vendors. Certain of these credits are subject to change. Vendor claims are listed at the amounts entered on the Debtors' books and records, which may reflect credits or allowances due from such creditors to the Debtors. The Debtors reserve all of their rights respecting such credits and allowances.

17. <u>Executory Contracts and Unexpired Leases</u>. For purposes of the Schedules and Statements, the Debtors have only scheduled claims and executory contracts for which the Debtors may be contractually and/or directly liable. While every reasonable effort has been made to ensure the accuracy of Schedule G regarding executory contracts and unexpired leases, inadvertent errors or omissions may have occurred. The Debtors hereby reserve all of their rights to dispute the validity, status or enforceability of any contract, agreement, or lease set forth on Schedule G that may have expired or may have been modified, amended, and/or supplemented from time to time by various amendments, restatements, waivers, letters and other documents, instruments, and

agreements, which may not be listed on Schedule G. Certain of the leases and contracts listed on Schedule G may contain certain renewal options, guarantees of payment, options to purchase, rights of first refusal, and other miscellaneous rights. Such rights, powers, duties and obligations are not set forth on Schedule G. Certain of the executory agreements may not have been memorialized in writing and could be subject to dispute. In addition, the Debtors may have entered into various other types of agreements in the ordinary course of their business, including but not limited to easements, rights of way, subordination, non-disturbance and attornment agreements, supplemental agreements, amendments, letter agreements, title agreements and confidentiality agreements. Such documents may not be set forth on Schedule G. The Debtors reserve all of their rights to dispute or to challenge the characterization of the structure of any transaction, or any document or instrument related to a creditor's claim. In the ordinary course of business, the Debtors may have entered into agreements, written or oral, for the provision of certain services on a month-to-month or at-will basis. Such contracts may not be included on Schedule G. However, the Debtors reserve the right to assert that such agreements constitute executory contracts. Listing a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease. The Debtors reserve all rights to challenge whether any of the listed contracts, leases, agreements or other documents constitute an executory contract or unexpired lease, including if any are unexpired non-residential real property leases. Any and all of the Debtors' rights, claims and causes of action regarding the contracts and agreements listed on Schedule G are hereby reserved and preserved.

18.    _Insiders_.    In the circumstances where the Schedules and Statements require information regarding insiders and/or officers and directors, the listing of a party as an insider is not intended to be, nor should it be construed as, a legal characterization of such party as an insider. Such does not act as an admission of any fact, claim, right, or defense, and all such rights, claims and defenses are hereby expressly reserved. Further, employees have been included in this disclosure for informational purposes only and should not be deemed to be "insiders" in terms of control of the Debtors, management responsibilities or functions, decision-making or corporate authority and/or as otherwise defined by applicable law or with respect to any theories of liability or for any other purpose.

19.    _Causes of Action, Suits and Administrative Proceedings_.    The Debtors, despite reasonable efforts, may not have identified and/or set forth all of their causes of action, law suits or administrative proceedings ("_Causes of Action_") against third parties as assets in their Schedules and Statements. However, the Debtors reserve all of their Causes of Action. Neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any such Cause of Action. Furthermore, nothing contained in the Schedules and Statements shall constitute a waiver of rights within these chapter 11 cases, equitable subordination, and/or Causes of Action arising under the provisions of chapter 5 of the Bankruptcy Code and other relevant non-bankruptcy laws to recover assets or avoid transfers.

Additionally, the Debtors, after reasonably diligent efforts, may not have identified all Causes of Action with respect to which they have or may accrue liability due to the contingent nature of possible claims, including those that may arise from executory contracts. The Debtors specifically reserve all rights with respect to third-parties and all defenses that attend any Causes of Action not listed in the Schedules and Statements.

20. <u>Classifications</u>. Listing a claim (a) on Schedule D as "secured", (b) on Schedule E as "priority", or (c) on Schedule F as "unsecured non priority," or listing a contract on Schedule G as "executory" or "unexpired," does not constitute an admission by the Debtors of the legal rights of the claimant, or a waiver of the Debtors' right to recharacterize or reclassify such claim or contract.

21. <u>Employee Confidential Information</u>. For Schedule E and Statement 3b and 3c, the Debtors have not provided the names or home addresses of the officers, directors, and employees referenced therein for privacy purposes. Such officers, directors, and employees are identified by employee and branch number.

22. <u>Claims Description</u>. Any failure to designate a claim on a given Debtor's Schedules as "disputed", "contingent", or "unliquidated" does not constitute an admission by the Debtor that such amount is not "disputed", "contingent" or "unliquidated". The Debtors reserve all rights to dispute any claim reflected on their respective Schedules on any grounds including, without limitation, liability or classification, or to otherwise subsequently designate such claims as "disputed," "contingent" or "unliquidated."

23. <u>Co-Debtors</u>. The Debtors' secured lenders have asserted liens extending to each of the Debtors. For purposes of Schedule H, each Debtor is identified as a co-debtor with respect to the debt.

24. <u>Summary of Significant Reporting Policies and Practices</u>. The following conventions were adopted by the Debtors in preparation of the Schedules and Statements:

    (a)    <u>Fair Market Value; Book Value</u>. Unless otherwise noted therein, the Schedules and Statements reflect the carrying value of the liabilities as listed on the Debtors' books and records. Where the current market value of assets is unknown, the Debtors have based their valuation on book values unless otherwise indicated in the Schedules and Statements. Recent market values of assets have been used only where readily available and discernible.

    (b)    <u>Leased Real and Personal Property</u>. In the ordinary course of their business, certain of the Debtors lease real property and various articles of personal property, including, without limitation, furniture, fixtures and equipment, from certain third-party lessors. To the best of the Debtors' knowledge based upon their review of the Debtors' books and records, all such leases are set forth in the

Schedules and Statements. The property subject to leases is not reflected in the Schedules and Statements as either owned property or assets of the Debtors or property or assets of third parties within the control of the Debtors. Nothing in the Schedules or Statements is or shall be construed as an admission or determination as to the legal status of any lease (including whether to assume and assign or reject such lease, or whether it is a true lease or a financing arrangement), and the Debtors reserve all of their rights with respect to all such issues.

(c) <u>Claims</u>. Certain of the Schedules and Statements list creditors of the Debtors as of the Petition Date. Payments have been made subsequently to certain claimants pursuant to Bankruptcy Court orders in the Debtors' cases. The Bankruptcy Court has authorized the Debtors, among other matters, to pay pre-petition wages, salaries and other related employee benefits, liquor bills, and taxing authorities. However, the claims listed in the Schedules and Statements may not reflect amounts paid pursuant to these various First Day Orders and the actual unpaid claims of creditors may differ from the amounts set forth in the Schedules and Statements.

(d) <u>Disputed, Contingent and/or Unliquidated Claims</u>. Schedules D, E, and F permit the Debtors to designate a claim as disputed contingent, and/or unliquidated. A failure to designate a claim on any of these Schedules and Statements as disputed, contingent, and/or unliquidated does not constitute an admission that such claim is not subject to objection. The Debtors reserve the right to dispute, or assert offsets or defenses to, any claim reflected on these Schedules and Statements as to amount, liability, or status.

(e) <u>Inventory</u>. Inventory, where applicable, is presented without consideration of any potential warehousemens', mechanics', materialmens', possessory, or other similar liens.

25. <u>Summary of Significant "Statement" Issues</u>. The following conventions were adopted by the Debtors in preparation of the Statements:

(a) <u>Consolidated Income</u>. The Debtors report gross income on a consolidated basis. Thus, the Debtors' income information is listed in SOFA question 1 for all Debtors on a consolidated basis.

(b) For Statement 3b, the Debtors have listed known payments to creditors that were made during the 90 days prior to the Petition Date, other than ordinary course wages or expense reimbursements to employees.

(c)     For Statement 3b, 3c, 7, 19, 21 and 22, the Debtors have not provided the home addresses of the officers, directors, stockholders and employees referenced therein for privacy purposes.

(d)     For Statement 3b and 3c, the Debtors have identified the insiders by employee and branch number for privacy purposes.

Neither the Debtors, their agents, attorneys, nor other advisors guarantee or warrant the accuracy, the completeness, or correctness of the data that is provided herein or in the Schedules and Statements, and the same are not liable for any loss or injury arising out of or caused in whole or in part by the acts, errors or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating or delivering the information in them. While every effort has been made to provide accurate and complete information herein, inadvertent errors or omissions may exist. The Debtors and their agents, attorneys, and other advisors expressly do not undertake any obligation to update, modify, revise or re-categorize the information provided herein, or to notify any third party should the information be updated, modified, revised or re-categorized. In no event shall the Debtors or their agents, attorneys, and other advisors be liable to any third party for any direct, indirect, incidental, consequential or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtors or damages to business reputation, lost business or lost profits), whether foreseeable or not and however caused, even if the Debtors or their agents, attorneys and other advisors are advised of the possibility of such damages.

**** END OF GLOBAL NOTES ****

# United States Bankruptcy Court
## Northern District of Texas

In re    **The Oceanaire Texas Restaurant Company, L.P.** _____ ,    Case No. ___**09-34262**___

                                        Debtor

                                            Chapter _____**11**_____

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | 0.00 | | |
| B - Personal Property | Yes | 3 | 4,536,852.00 | | |
| C - Property Claimed as Exempt | No | 0 | | | |
| D - Creditors Holding Secured Claims | Yes | 2 | | 17,138,500.20 | |
| E - Creditors Holding Unsecured Priority Claims  (Total of Claims on Schedule E) | Yes | 2 | | 44,264.48 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 3 | | 335,217.97 | |
| G - Executory Contracts and Unexpired Leases | Yes | 4 | | | |
| H - Codebtors | Yes | 2 | | | |
| I - Current Income of Individual Debtor(s) | No | 0 | | | N/A |
| J - Current Expenditures of Individual Debtor(s) | No | 0 | | | N/A |
| Total Number of Sheets of ALL Schedules | | 17 | | | |
| Total Assets | | | 4,536,852.00 | | |
| Total Liabilities | | | | 17,517,982.65 | |

In re     **The Oceanaire Texas Restaurant Company, L.P.**          Case No.    **09-34262**

Debtor

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim." If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
| --- | --- | --- | --- | --- |
| **None** | | | | |

|  |  |  |
| --- | --- | --- |
| Sub-Total > | **0.00** | (Total of this page) |
| Total > | **0.00** | |
|  | (Report also on Summary of Schedules) | |

  **0**   continuation sheets attached to the Schedule of Real Property

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037

In re  **The Oceanaire Texas Restaurant Company, L.P.** , Case No. **09-34262**

Debtor

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."

If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1. Cash on hand | | **Deposits in transit to bank** | - | 9,908.00 |
| | | **Cash in restaurant** | - | 3,000.00 |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **Checking account** | - | 19,402.00 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | | **Security deposit (Center Point Energy)** | - | 2,306.00 |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | X | | | |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | X | | | |
| 7. Furs and jewelry. | X | | | |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issuer. | X | | | |

Sub-Total >     **34,616.00**
(Total of this page)

__2__ continuation sheets attached to the Schedule of Personal Property

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037

In re __The Oceanaire Texas Restaurant Company, L.P._____ ,     Case No. __09-34262_____

Debtor

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | | **Credit cards; other A/R** | **-** | **147,311.00** |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |

Sub-Total >     **147,311.00**
(Total of this page)

Sheet __1__ of __2__ continuation sheets attached
to the Schedule of Personal Property

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037    

In re __The Oceanaire Texas Restaurant Company, L.P._____, Case No. __09-34262_____
                                          Debtor

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | | **Prepaid licenses** | - | 608.00 |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | X | | | |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | | **Supplies used in business (e.g. kitchenware, flatware, etc.)** | - | 73,503.00 |
| | | **Leasehold improvements (incl. accumulated depreciation)** | - | 3,480,396.00 |
| | | **Equipment (incl. accumulated depreciation)** | - | 780,038.00 |
| 30. Inventory. | | **Food** | - | 20,380.00 |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

|  | |
|---|---|
| Sub-Total > (Total of this page) | 4,354,925.00 |
| Total > | 4,536,852.00 |

Sheet __2__ of __2__ continuation sheets attached
to the Schedule of Personal Property

(Report also on Summary of Schedules)

B 6D (Official Form 6D) (12/07)

In re The Oceanaire Texas Restaurant Company, L.P.          Case No.   09-34262
        Debtor                                                                    (If known)

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is the creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H – Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☐  Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER (*See Instructions Above.*) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN , AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. <br><br> Guggenheim Corporate Funding, LLC <br> 135 East 57th Street, 7th Floor <br> Attn: Kaitlin Trinh <br> New York, NY 10022 | x | | See Schedule D Attachment <br><br> VALUE $ | | | | $17,138,500.20 (aggregate amount owed to Guggenheim and Wells Fargo) | Unknown |
| ACCOUNT NO. <br><br> Wells Fargo Foothill, Inc. <br> 2450 Colorado Avenue, Suite 3000 West <br> Attn: Specialty Finance Manager <br> Santa Monica, CA 90404 | x | | See Schedule D Attachment <br><br> VALUE $ | | | | $17,138,500.20 (aggregate amount owed to Guggenheim and Wells Fargo) | Unknown |
| ACCOUNT NO. <br><br><br><br> VALUE $ | | | | | | | | |

   0   continuation sheets
        attached

Subtotal ►
(Total of this page)

Total ►
(Use only on last page)

| | |
|---|---|
| $ 17,138,500.20 | $ |
| $ 17,138,500.20 | $ |

(Report also on Summary of Schedules.)

(If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.)

The Oceanaire Texas Restaurant Company, L.P.
Bankr. N.D. Tex. Case No. 09-34262
Schedule D Attachment

Wells Fargo Foothill, Inc., in its capacity as Agent, and Guggenheim Corporate Funding, LLC, as Term Loan Representative, entered into that certain Credit Agreement dated as of January 26, 2007 with The Oceanaire, Inc., The Oceanaire Restaurant Company, Inc., The Oceanaire Texas Restaurant Company, L.P., and The Oceanaire Minneapolis Restaurant Company, LLC, as borrowers, and The Oceanaire Investment Company, Inc. and The Oceanaire Texas Beverage Company, Inc., as guarantors. The Lenders hold liens upon and senior security interests in substantially all of the Debtors' property and assets, including, without limitation, equipment, inventory, tax refunds, insurance proceeds, accounts receivable, instruments, chattel paper, general intangibles, contracts, documents of title, and all other tangible and intangible personal property, and the proceeds and products of the foregoing.

.

In re __The Oceanaire Texas Restaurant Company, L.P._____ ,     Case No. ___09-34262_____
                                              Debtor

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

      A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

      The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

      If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

      Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

      Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

      Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS**   (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic support obligations**

      Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

      Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

      Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $10,950* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

      Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**

      Claims of certain farmers and fishermen, up to $5,400* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

      Claims of individuals up to $2,425* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

■ **Taxes and certain other debts owed to governmental units**

      Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to maintain the capital of an insured depository institution**

      Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for death or personal injury while debtor was intoxicated**

      Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

* Amounts are subject to adjustment on April 1, 2010, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

                           __1__    continuation sheets attached

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037                                  Best Case Bankruptcy

In re    **The Oceanaire Texas Restaurant Company, L.P.**                    ,    Case No.    **09-34262**
_____
Debtor

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
### (Continuation Sheet)

**Taxes and Certain Other Debts
Owed to Governmental Units**

TYPE OF PRIORITY

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | C O D E B T O R | Husband, Wife, Joint, or Community H / W / J / C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY | AMOUNT ENTITLED TO PRIORITY |
|---|---|---|---|---|---|---|---|---|---|
| Account No. | | | **Personal property tax (Houston)** | | | | | | |
| **Harris County Tax Assessor Collector Paul Bettencourt PO Box 4622 Houston, TX 77210-4622** | - | | | | | | | **Unknown** | |
| | | | | | | | **Unknown** | | **0.00** |
| Account No. | | | **Sales tax on food and use tax on comps** | | | | | | |
| **State Comptroller 111 East 17th Street Austin, TX 78744** | - | | | | | | | **0.00** | |
| | | | | | | | **27,472.13** | | **27,472.13** |
| Account No. | | | **Sales tax on food and use tax on comps** | | | | | | |
| **State Comptroller 111 East 17th Street Austin, TX 78744** | - | | | | | | | **0.00** | |
| | | | | | | | **16,792.35** | | **16,792.35** |
| Account No. | | | | | | | | | |
| | | | | | | | | | |
| Account No. | | | | | | | | | |
| | | | | | | | | | |

Sheet **1** of **1** continuation sheets attached to
Schedule of Creditors Holding Unsecured Priority Claims

| | | |
|---|---|---|
| Subtotal (Total of this page) | **0.00** | |
| | **44,264.48** | **44,264.48** |
| Total (Report on Summary of Schedules) | **0.00** | |
| | **44,264.48** | **44,264.48** |

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037

In re __The Oceanaire Texas Restaurant Company, L.P._____, Case No. ___09-34262_____
                                        Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐  Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **See Schedule F Attachment** | | - | | | | | 335,217.97 |
| Account No. | | | | | | | |
| Account No. | | | | | | | |
| Account No. | | | | | | | |

__0__ continuation sheets attached

Subtotal (Total of this page)  335,217.97

Total (Report on Summary of Schedules)  335,217.97

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| The Oceanaire Texas Restaurant Company, L.P. | | | | | | | | |
| Bankr. N.D. Tex. Case No. 09-34262 | | | | | | | | |
| Schedule F Attachment | | | | | | | | |
| Nonpriority Unsecured Creditors | | | | | | | | |
| | | | | | | | | |
| Name | Address 1 | Address 2 | City | State | Zip | Account No | Amount | Consideration |
| | | | | | | | | |
| A to T Lamps | 720 Walley Rider Circle #5 | | Lewisville | TX | 75057 | 7 | $ 148.72 | Trade Debt |
| Acme Paper & Supply Co., Inc. | 75087 | | Baltimore | MD | 21275 | 768 | $ 700.00 | Trade Debt |
| Admiral Linen & Uniform | 2030 Kipling | | Houston | TX | 77098 | 29 | $ 14,377.67 | Trade Debt |
| Ambius, Inc. | PO Box 95409 | | Palatine | IL | 60095-0409 | 2689 | $ 1,240.54 | Trade Debt |
| American Food Service | 4721 Simonton Rd. | | Dallas | TX | 75244 | 60 | $ 22,924.84 | Trade Debt |
| Anchor Hocking/Anchor Acquisition LLC | 2630 Reliable Parkway | | Chicago | IL | 60686 | 3245 | $ 500.73 | Trade Debt |
| Aquarium Design Group, LLC | 3461 West Alabama | Suite 200 | Houston | TX | 77027-6028 | 1592 | $ 290.12 | Trade Debt |
| Aquarium Headquarters, LLC | 817 S Mill Road | #D105 | Lewisville | TX | 75057 | 3585 | $ 489.39 | Trade Debt |
| Armstrong Repair Center | PO Box 1770 | | Bellaire | TX | 77402 | 1672 | $ 655.68 | Trade Debt |
| AtmacMechanical Services | 1400 S. Sherman Street | Suite 112 | Richardson | TX | 75081 | 3619 | $ 2,661.55 | Trade Debt |
| Aztec Rentals | 601 W 6th Street | | Houston | TX | 77007 | 2277 | $ 149.39 | Trade Debt |
| BeerGas Company, The | PO Box 305 | | Salado | TX | 76571 | 111 | $ 237.70 | Trade Debt |
| Ben E. Keith Foods | 7650 Will Rogers Blvd | PO Box 901001 | Fort Worth | TX | 76101 | 113 | $ 29,148.42 | Trade Debt |
| C&D Couriers, Inc. | 13707 Gamma Road | | Dallas | TX | 75244 | 143 | $ 606.04 | Trade Debt |
| Cactus Espresso Systems | 8714 Westpark Drive | | Houston | TX | 77063 | 3014 | $ 1,331.60 | Trade Debt |
| Central Janitorial Services | 3830 Heatherbloom Dr | | Houston | TX | 77045-5606 | 1701 | $ 3,032.74 | Trade Debt |
| Cozzini Bros., Inc. | 350 Howard Avenue | | Silver Spring | MD | 20901 | 1619 | $ 77.96 | Trade Debt |
| Datamax | PO Box 20527 | | Saint Louis | MO | 63139 | 2846 | $ 513.47 | Trade Debt |
| DiMare Fresh Houston | PO Box 841451 | | Dallas | TX | 75284-1451 | 1079 | $ 5,941.61 | Trade Debt |
| Ecolab (70343) | GCS Service, Inc. | 24673 Network Place | Chicago | IL | 60673-1246 | 1406 | $ 1,786.39 | Trade Debt |
| Ecolab Pest | PO Box 6007 | | Grand Forks | ND | 58206-6007 | 303 | $ 1,622.15 | Trade Debt |
| Facilitec Southwest | 2300 Cold Springs Rd | | Fort Worth | TX | 76106 | 333 | $ 231.11 | Trade Debt |
| Facilities Mechanical, Inc. | 12933 Brittmoore Park Drive | | Houston | TX | 77041 | 2692 | $ 1,034.00 | Trade Debt |
| Galleria Hotel Venture | c/o Hines Attention: E. Staman Ogilvie, Executive Vice President | 2800 Post Oak Boulevard | Houston | TX | 77056-6110 | 104 | $ 41,279.27 | Rent |
| Garda Systems Southwest | PO Box 90152 | | Pasadena | CA | 91109-0152 | 3178 | $ 460.02 | Trade Debt |
| GCS Service, Inc. | PO Box 64373 | | Saint Paul | MN | 55164-0373 | 1103 | $ 2,662.42 | Trade Debt |
| Henry's Homemade Ice Cream | 2909 W. 15th Street | | Plano | TX | 75075 | 1504 | $ 505.60 | Trade Debt |
| HG Shopping Centers, L.P. | c/o M.S. Management Associates Inc. | National City Center 115 W. Washington Street | Indianapolis | IN | 46204 | 111 | $ 37,103.23 | Rent |
| Hockenbergs Foodservice Equip. | PO Box 30156 | | Omaha | NE | 68103-1256 | 2858 | $ 251.14 | Trade Debt |
| HSE Alarm Systems | 9904 A Deer Trail | | Houston | TX | 77038 | 3159 | $ 91.96 | Trade Debt |
| Inkon Media LLC | 8803 South 218th Street | | Kent | WA | 98031 | 2941 | $ 1,483.15 | Trade Debt |
| K.S. Supply | 4423 Lymbar Dr. | | Houston | TX | 77096 | 1679 | $ 173.95 | Trade Debt |
| Kanaloa Seafood | 618 Gutierrez Street | | Santa Barbara | CA | 93103 | 2547 | $ 1,098.45 | Trade Debt |
| La Francaise French Bakery | 201 Gold Suite 300 | | Garland | TX | 75042 | 2237 | $ 2,649.00 | Trade Debt |
| Latte Da Dairy | PO Box 270355 | | Flower Mound | TX | 75022 | 2960 | $ 368.64 | Trade Debt |
| LBX Lighting, Inc. | 1880 S. Dairy Ashford | Suite #134 | Houston | TX | 77077 | 1675 | $ 221.69 | Trade Debt |
| Lexis Florist | 5785 San Felipe | | Houston | TX | 77057 | 2755 | $ 243.56 | Trade Debt |

## The Oceanaire Texas Restaurant Company, L.P.
### Bankr. N.D. Tex. Case No. 09-34262
### Schedule F Attachment
### Nonpriority Unsecured Creditors

| Name | Address 1 | Address 2 | City | State | Zip | Account No | Amount | Consideration |
|---|---|---|---|---|---|---|---|---|
| Louisiana Foods, Inc. | 4410 West 12th Street | | Houston | TX | 77055 | 1130 | $ 25,378.85 | Trade Debt |
| Marinelli Shellfish Co | 2383 S 200th Street | | Seattle | WA | 98198 | 595 | $ 871.08 | Trade Debt |
| Martin Preferred Foods | PO Box 4346 | Dept 170 | Houston | TX | 77210-4346 | 1138 | $ 4,061.82 | Trade Debt |
| Merlino Foods | 4100 4th Avenue S | PO Box 80069 | Seattle | WA | 98108 | 622 | $ 298.54 | Trade Debt |
| Mueller Water Conditioning, Inc. | PO Box 975118 | | Dallas | TX | 75397 | 2655 | $ 201.60 | Trade Debt |
| North Country Business Products, Inc. | 1112 S Railrod St SE | PO Box 910 | Bemidji | MN | 56619-0910 | 1625 | Unknown | Trade Debt |
| NuCo2, Inc. | PO Box 9011 | | Stuart | FL | 34995-9011 | 708 | $ 302.65 | Trade Debt |
| Office Depot (70025) | PO Box 70025 | | Los Angeles | CA | 90074-0025 | 44 | $ 420.26 | Trade Debt |
| Open Table, Inc. | Payment Lockbox | PO Box 49322 | San Jose | CA | 95161-9322 | 720 | $ 3,408.23 | Trade Debt |
| Pearson Dental Supplies, Inc. | 13161 Telfair Avenue | | Sylmar | CA | 91342 | 740 | $ 252.83 | Trade Debt |
| Petrossian Distribution | 419 West 13th Stree | | New York | NY | 10014 | 747 | $ 434.60 | Trade Debt |
| Posty Cards | 1600 Olive Street | | Kansas City | MO | 64127 | 2952 | $ 154.25 | Trade Debt |
| Potironne Company, LLC | 4260 Elati Road | | Larkspur | CO | 80118 | 761 | $ 465.60 | Trade Debt |
| R&B Audio Video Rentals | 8203 Falling Water Rentals | | Sugar Land | TX | 77478 | 3107 | $ 235.00 | Trade Debt |
| R.L. Schrieber, Inc. | 1741 NW 33rd Street | | Pompano Beach | FL | 33064 | 788 | $ 405.00 | Trade Debt |
| R.W. Smith & Company | PO Box 51847 | | Los Angeles | CA | 90051-6147 | 834 | $ 908.76 | Trade Debt |
| Rainbow Audio Visuals | PO Box 801881 | | Dallas | TX | 75380 | 792 | $ 512.02 | Trade Debt |
| Rappahannock River Oysters | PO Box 88 | | Topping | VA | 23169 | 5152 | $ 750.00 | Trade Debt |
| Rayford Mechanical | 3520 Aldine Bender | | Houston | TX | 77032 | 2811 | $ 750.66 | Trade Debt |
| Red Book Solutions | 4550 South Windemere Street | | Engelwood | CO | 80110-5541 | 662 | $ 99.34 | Trade Debt |
| Royal Cup, Inc. | 160 Cleage Drive | PO Box 170971 | Birmingham | AL | 35217-0971 | 831 | $ 1,759.80 | Trade Debt |
| RSI Refrigerated Specialist | 3040 East Meadows | | Mesquite | TX | 75150 | 3479 | $ 5,420.80 | Trade Debt |
| Sarabia, Carlos | Sarabia Barrera Co | 7209 Bouquet Drive | Frisco | TX | 75035 | 157 | $ 3,535.72 | Trade Debt |
| Schepps | PO Box 200300 | | Dallas | TX | 75320-0300 | 855 | $ 2,334.08 | Trade Debt |
| Schepps Dairy | PO Box 973913 | | Dallas | TX | 75397-3913 | 1133 | $ 4,837.73 | Trade Debt |
| Schindler Elevator Corporation | PO Box 93050 | | Chicago | IL | 60673-3050 | 857 | $ 557.17 | Trade Debt |
| Seafood Supply Company | 1500 East Griffin | | Dallas | TX | 75215 | 863 | $ 8,538.81 | Trade Debt |
| Seafood Wholesalers, LTD | PO Box 571196 | | Houston | TX | 77257-1196 | 1438 | $ 11,953.00 | Trade Debt |
| Shelton's Water Refining | 2708 E. Randol Mill Rd. | | Arlington | TX | 76011 | 1343 | $ 37.73 | Trade Debt |
| Sigel's Wholesale Division | 2960 Anode Lane | | Dallas | TX | 75220 | 885 | $ 4,509.97 | Trade Debt |
| Signs Manufacturing, Inc. | 4550 Mint Way | | Dallas | TX | 75236 | 3219 | $ 676.68 | Trade Debt |
| SRE | 941 Avenue G | | Arlington | TX | 76011-7711 | 2133 | Unknown | Trade Debt |
| SUREdate | 2281 Lee Road | Suite 103 | Winter Park | FL | 32789 | 1155 | $ 133.59 | Trade Debt |
| Sysco (Dallas) | PO Box 560700 | | The Colony | TX | 75056-0700 | 3698 | $ 8,901.58 | Trade Debt |
| Sysco (Houston) | PO Box 15316 | | Houston | TX | 77220-5316 | 1142 | $ 57,701.81 | Trade Debt |
| Texas Express Courier Services | John Riggs | PO Box 331673 | Fort Worth | TX | 76163 | 1262 | $ 209.52 | Trade Debt |
| Third Coast Produce | PO Box 678060 | | Dallas | TX | 75267-8060 | 3577 | $ 2,160.40 | Trade Debt |
| Tropical Greenery | 7908 Northeast Loop 820 | | Fort Worth | TX | 76180 | 1166 | $ 370.23 | Trade Debt |
| United Mechanical | 11540 Plano Road | PO Box 551206 | Dallas | TX | 75355-1206 | 2052 | $ 191.34 | Trade Debt |
| Winn Meat Company, LP | 2250 Lone Star Drive | | Dallas | TX | 75212 | 54 | $ 3,183.02 | Trade Debt |
| | | | | | | | $ 335,217.97 | |

In re    **The Oceanaire Texas Restaurant Company, L.P.**                                    Case No.    **09-34262**
                                                                                          ,
                                                            Debtor

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser", "Agent", etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐ Check this box if debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State whether lease is for nonresidential real property. State contract number of any government contract. |
|---|---|
| **A-1 Fire Safety** <br> **12711 East Freeway** <br> **Houston, TX 77015** | **Service Contract (Ansul Maintenance - Houston)** |
| **Accuvent Cleaning & Service, Ltd.** <br> **PO Box 1249** <br> **Tomball, TX 77377** | **Service Contract (Hood Cleaning - Houston)** |
| **Admiral Linen** <br> **2030 Kipling** <br> **Houston, TX 77098** | **Service Contract (Linen - Dallas)** |
| **Admiral Linen** <br> **2030 Kipling** <br> **Houston, TX 77098** | **Service Contract (Linen - Houston)** |
| **Aquarium Design Group** <br> **3461 W. Alabama, #100** <br> **Houston, TX 77027** | **Service Contract (Lobster Tank Maintenance - Houston)** |
| **Avaya Phone Maintenance** <br> **PO Box 5332** <br> **New York, NY 10087** | **Service Contract (Phone Maintenance - Houston)** |
| **BeerGas Company** <br> **PO Box 305** <br> **Salado, TX 76571** | **Service Contract (CO2- Houston)** |
| **Cactus Espresso** <br> **8714 Westpark Dr.** <br> **Houston, TX 77063** | **Service Contract (Coffee- Houston)** |
| **Central Janitorial** <br> **3830 Heatherbloom Drive** <br> **Houston, TX 77045** | **Service Contract (Janitorial - Houston)** |
| **Comcast** <br> **PO Box 650050** <br> **Dallas, TX 75265** | **Service Contract (Cable - Houston)** |
| **Dish Network** <br> **Dept 0063** <br> **Palatine, IL 60055** | **Service Contract (Cable - Dallas)** |
| **Ecolab** <br> **PO Box 6007** <br> **Grand Forks, ND 58206** | **Service Contract (Pest Elimination - Dallas)** |

**3**
_____ continuation sheets attached to Schedule of Executory Contracts and Unexpired Leases

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES
(Continuation Sheet)

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State whether lease is for nonresidential real property. State contract number of any government contract. |
|---|---|
| **Ecolab**<br>**PO Box 6007**<br>**Grand Forks, ND 58206** | **Service Contract (Pest Elimination - Houston)** |
| **Facilities Mechanical**<br>**12933 Brittmoore Park Dr.**<br>**Houston, TX 77041** | **Service Contract (HVAC Maintenance - Houston)** |
| **Financial Information Technologies, Inc.**<br>**7702 Woodland Center Blvd. #50**<br>**Tampa, FL 33614** | **Service Contract (EFT Services - Dallas)** |
| **Financial Information Technologies, Inc.**<br>**7702 Woodland Center Blvd., #50**<br>**Tampa, FL 33614** | **Service Contract (EFT Services - Houston)** |
| **Galleria Hotel Venture**<br>**c/o Hines [Attn: E.Staman Ogilvie, EVP]**<br>**2800 Post Oak Boulevard**<br>**Dallas, TX 75243** | **Lease of nonresidential real property (Dallas)** |
| **HG Shopping Centers, L.P.**<br>**c/o M.S. Management Assoc., Inc.**<br>**National City Ctr.,115 W. Washington St.**<br>**Indianapolis, IN 46204** | **Lease of nonresidential real property (Houston)** |
| **HSE Alarm Systems**<br>**10203 Mula Cir**<br>**Stafford, TX 77477** | **Service Contract (Alarm Monitoring - Houston)** |
| **Mueller Water Conditioning**<br>**1500 Sherwood Forest Dr**<br>**Houston, TX 77043** | **Service Contract (Water Softener Rental - Houston)** |
| **NUCO2, Inc.**<br>**2800 SE Market Pl**<br>**Stuart, FL 34995** | **Service Contract (CO2 - Dallas)** |
| **Rayford Mechanical**<br>**3520 Aldine Vender Ste. H**<br>**Houston, TX 77032** | **Service Contract (Refrigeration Maintenance - Houston)** |
| **Royal Cup**<br>**PO Box 170971**<br>**Birmingham, AL 35217** | **Service Contract (Coffee - Dallas)** |
| **Schindler Elevator Corporation**<br>**1201 W. Loop North #130**<br>**Houston, TX 77055** | **Service Contract (Elevator Maintenance - Houston)** |
| **Shelton Water Refining**<br>**2708 E Randol Mill Rd**<br>**Arlington, TX 76011** | **Service Contract (Water Softener Rental - Dallas)** |

Sheet ___1___ of ___3___ continuation sheets attached to the Schedule of Executory Contracts and Unexpired Leases

In re __The Oceanaire Texas Restaurant Company, L.P.__ , Case No. __09-34262__

Debtor

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES
### (Continuation Sheet)

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State whether lease is for nonresidential real property. State contract number of any government contract. |
|---|---|
| **Simplex**<br>**Dept CH 10320**<br>**Palatine, IL 60055** | **Service Contract (Alarm Monitoring - Dallas)** |
| **Standard Parking**<br>**5085 Westheimer Rd #4995**<br>**Houston, TX 77056** | **Service Contract (Parking - Houston)** |
| **The Oceanaire Texas Beverage Company, Inc.**<br>**1300 Nicollet Mall, Suite 2200**<br>**Minneapolis, MN 55403** | **Concession Agreement (The Oceanaire Texas Restaurant Company, L.P. through The Oceanaire Restaurant Company, Inc., as Grantor, grants right to The Oceanaire Texas Beverage Company, Inc., as Permitee, to dispense alcoholic beverage service at Restaurant)** |
| **The Oceanaire Texas Beverage Company, Inc.**<br>**1300 Nicollet Mall, Suite 2200**<br>**Minneapolis, MN 55403** | **Management Services Agreement (The Oceanaire Texas Beverage Company, Inc., as Permitee, appoints The Oceanaire Texas Restaurant Company, L.P. through The Oceanaire Restaurant Company, Inc., as Manager, to manage and operate the sale of alcoholic beverages at Restaurant)** |
| **The Oceanaire Texas Private Club Corp.**<br>**c/o Law Offices of Robert Levine, P.C.**<br>**146 Westcott Street, Second Floor**<br>**Houston, TX 77007-7000** | **Concession Agreement (The Oceanaire Texas Restaurant Company, L.P., as Owner, grants The Oceanaire Texas Private Club Corporation, as Permitee, the right to dispense and control alcoholic beverage service at Private Club)** |
| **The Oceanaire Texas Private Club Corp.**<br>**c/o Law Offices of Robert Levine, P.C.**<br>**146 Westcott Street, Second Floor**<br>**Houston, TX 77007-7000** | **Management Services Agreement (The Oceanaire Texas Private Club Corporation, as Operator, grants right to The Oceanaire Texas Restaurant Company, L.P. through The Oceanaire Restaurant Company, Inc., as Servicing Agent, to serve alcoholic beverages at the Private Club)** |
| **The Westin Galleria - Dallas**<br>**13340 Dallas Parkway**<br>**Dallas, TX 75240** | **Storage Lease (Dallas)** |
| **Tropical Greenery**<br>**7908 Northeast Loop 820**<br>**Ft. Worth, TX 76180** | **Service Contract (Plants - Dallas)** |
| **TXU Energy Retail Company LLC**<br>**6555 Sierra Drive**<br>**Irving, TX 75039** | **Service Contract (Electricity Supplier - Dallas)** |
| **TXU Energy Retail Company LLC**<br>**6555 Sierra Dr.**<br>**Irving, TX 75039** | **Service Contract (Electricity Supplier - Houston)** |

Sheet __2__ of __3__ continuation sheets attached to the Schedule of Executory Contracts and Unexpired Leases

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037

In re  **The Oceanaire Texas Restaurant Company, L.P.** ,  Case No. ___**09-34262**___
                                    Debtor

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES
### (Continuation Sheet)

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State whether lease is for nonresidential real property. State contract number of any government contract. |
|---|---|
| **XO Communications**<br>**8851 Sandy Parkway**<br>**Sandy, UT 84070** | **Service Contract (Phone and Long Distance - Houston)** |

Sheet __**3**__ of __**3**__ continuation sheets attached to the Schedule of Executory Contracts and Unexpired Leases

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037                                   Best Case Bankruptcy

In re    **The Oceanaire Texas Restaurant Company, L.P.**       Case No.    **09-34262**

                                     Debtor

# SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| **The Oceanaire Investment Company, Inc. (guarantor)**<br>**1300 Nicollet Mall, Suite 2200**<br>**Minneapolis, MN 55403** | **Wells Fargo Foothill, Inc.**<br>**Attn:  Specialty Finance Manager**<br>**2450 Colorado Avenue, Suite 3000 West**<br>**Santa Monica, CA 90404** |
| **The Oceanaire Investment Company, Inc. (guarantor)**<br>**1300 Nicollet Mall, Suite 2200**<br>**Minneapolis, MN 55403** | **Guggenheim Corporate Funding, LLC**<br>**Attn:  Kaitlin Trinh**<br>**135 East 57th Street, 7th Floor**<br>**New York, NY 10022** |
| **The Oceanaire Minneapolis Restaurant Company, LLC**<br>**1300 Nicollet Mall, Suite 2200**<br>**Minneapolis, MN 55403** | **Wells Fargo Foothill, Inc.**<br>**Attn:  Specialty Finance Manager**<br>**2450 Colorado Avenue, Suite 3000 West**<br>**Santa Monica, CA 90404** |
| **The Oceanaire Minneapolis Restaurant Company, LLC**<br>**1300 Nicollet Mall, Suite 2200**<br>**Minneapolis, MN 55403** | **Guggenheim Corporate Funding, LLC**<br>**Attn:  Kaitlin Trinh**<br>**135 East 57th Street, 7th Floor**<br>**New York, NY 10022** |
| **The Oceanaire Restaurant Company, Inc.**<br>**1300 Nicollet Mall, Suite 2200**<br>**Minneapolis, MN 55403** | **Wells Fargo Foothill, Inc.**<br>**Attn:  Specialty Finance Manager**<br>**2450 Colorado Avenue, Suite 3000 West**<br>**Santa Monica, CA 90404** |
| **The Oceanaire Restaurant Company, Inc.**<br>**1300 Nicollet Mall, Suite 2200**<br>**Minneapolis, MN 55403** | **Guggenheim Corporate Funding, LLC**<br>**Attn:  Kaitlin Trinh**<br>**135 East 57th Street, 7th Floor**<br>**New York, NY 10022** |
| **The Oceanaire Texas Beverage Company, Inc. (guarantor)**<br>**1300 Nicollet Mall, Suite 2200**<br>**Minneapolis, MN 55403** | **Wells Fargo Foothill, Inc.**<br>**Attn:  Specialty Finance Manager**<br>**2450 Colorado Avenue, Suite 3000 West**<br>**Santa Monica, CA 90404** |
| **The Oceanaire Texas Beverage Company, Inc. (guarantor)**<br>**1300 Nicollet Mall, Suite 2200**<br>**Minneapolis, MN 55403** | **Guggenheim Corporate Funding, LLC**<br>**Attn:  Kaitlin Trinh**<br>**135 East 57th Street, 7th Floor**<br>**New York, NY 10022** |
| **The Oceanaire, Inc.**<br>**1300 Nicollet Mall, Suite 2200**<br>**Minneapolis, MN 55403** | **Wells Fargo Foothill, Inc.**<br>**Attn:  Specialty Finance Manager**<br>**2450 Colorado Avenue, Suite 3000 West**<br>**Santa Monica, CA 90404** |

**1**

_____ continuation sheets attached to Schedule of Codebtors

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037

In re   **The Oceanaire Texas Restaurant Company, L.P.**          Case No.   **09-34262**

Debtor

# SCHEDULE H - CODEBTORS
(Continuation Sheet)

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| **The Oceanaire, Inc.**<br>**1300 Nicollet Mall, Suite 2200**<br>**Minneapolis, MN 55403** | **Guggenheim Corporate Funding, LLC**<br>**Attn: Kaitlin Trinh**<br>**135 East 57th Street, 7th Floor**<br>**New York, NY 10022** |

Sheet  **1**  of  **1**  continuation sheets attached to the Schedule of Codebtors

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037

# United States Bankruptcy Court
## Northern District of Texas

In re __The Oceanaire Texas Restaurant Company, L.P.__

Debtor(s)

Case No. __09-34262__

Chapter __11__

## DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the CFO, Secretary, and Treasurer of General Partner of the partnership named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of __19__ sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date ___7/20/09___

Signature _____

**Glenn C. Massey**
**CFO, Secretary, and Treasurer of General Partner**

*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.