John Robert Weiss (Admitted *pro hac vice*)
Rosanne Ciambrone *(*Admitted *pro hac vice*)
Matthew A. Olins (Admitted *pro hac vice*)
Duane Morris LLP
190 South LaSalle Street, Suite 3700
Chicago, IL 60603-3433
Telephone: (312) 499-6700
Facsimile: (312) 499-6701
Email: maolins@duanemorris.com

-and-

Samuel M. Stricklin, State Bar No. 19397050
Brian C. Mitchell, State Bar No. 24046452
Bracewell & Giuliani LLP
1445 Ross Avenue Suite 3800
Dallas, TX 75202-2711
Telephone: (214) 758.1095
Facsimile: (214) 758.8395
Email: sam.stricklin@bgllp.com

Counsel For The Debtors And
Debtors-In-Possession

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| THE OCEANAIRE TEXAS RESTAURANT COMPANY, L.P., *et al.*,[1] | Case No.: 09-34262-bjh-11 |
| | Jointly Administered |
| Debtors. | |

### DEBTORS' MOTION TO RETAIN AND EMPLOY
### HILCO REAL ESTATE, LLC AS REAL ESTATE BROKER

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors") hereby move this Court to retain and employ Hilco Real Estate, LLC ("Hilco") as real estate broker pursuant to sections 327 and 328 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code") and the terms of the Amended and Restated Real Estate

---

[1] The other Debtors in these cases include The Oceanaire Restaurant Company, Inc., The Oceanaire, Inc., The Oceanaire Investment Company, Inc., The Oceanaire Minneapolis Restaurant Company, LLC, and The Oceanaire Texas Beverage Company, Inc.

Consulting and Advisory Services Agreement dated as of August 26, 2009 (the "<u>Services Agreement</u>," a copy of which is attached hereto as <u>Exhibit A</u>). In support of this Motion, the Debtors respectfully represent as follows:

## I.
## BACKGROUND

**A.     The Bankruptcy Cases**

1.      On July 5, 2009 (the "<u>Petition Date</u>"), the Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Debtors' bankruptcy cases. On July 21, 2009, the Office of the United States Trustee appointed an Official Committee of Unsecured Creditors (the "<u>Committee</u>").

**B.     Jurisdiction**

2.      The Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this proceeding and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

3.      The statutory bases for the relief requested herein are sections 327 and 328 of the Bankruptcy Code.

**C.     The Debtors**

4.      The business of the Debtors is the ownership and operation of The Oceanaire Seafood Room restaurants ("<u>The Oceanaire</u>"). The Oceanaire is a "high-end" seafood restaurant concept, distinguished by its offerings of ultra-fresh seafood selections flown in daily from around the world to each restaurant location, coupled with an inviting, sophisticated, high-energy atmosphere reminiscent of 1930s and 1940s supper clubs. As of the Petition Date, the Debtors

operated sixteen restaurants located across the country, and held a lease for seventeenth location yet to be opened. Further factual background of the Debtors' cases is set forth in the Motion of the Debtors for Entry of an Order Directing Joint Administration of the Above Captioned Cases and the Affidavit of Terence A. Ryan in Support of First Day Motions, both filed on the Petition Date and incorporated herein by reference.

## II.
## RELIEF REQUESTED

5. The Debtors seek authority to retain and employ Hilco as real estate broker pursuant to sections 327 and 328 of the Bankruptcy Code and the Services Agreement, *nunc pro tunc* to August 26, 2009.

## III.
## BASIS FOR RELIEF REQUESTED

6. Section 327(a) of the Bankruptcy Code provides:

> (a) Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to present or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 327(a). Bankruptcy Rule 2014 provides that an order approving the employment of attorneys, accountants or other professionals pursuant to section 327 shall be made on application of such professional, which application is to state:

> the specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

FED. R. BANKR. P. 2014.

7. Section 328(a) of the Bankruptcy Code provides:

> The trustee, or a committee appointed under section 1102 of this title, with the court's approval, may employ or authorize the employment of a professional person under section 327 or 1103 of this title, as the case may be, on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis. Notwithstanding such terms and conditions, the court may allow compensation different from the compensation provided under such terms and conditions after the conclusion of such employment, if such terms and conditions prove to have been improvident in light of developments not capable of being anticipated at the time of the fixing of such terms and conditions.

11 U.S.C. § 328(a).

**A. Necessity of Employment and Qualifications of Hilco**

8. The Debtors have required and continue to require Hilco to assist with strategy and conduct negotiations concerning the Debtors' real property leases listed in the Services Agreement (the "Leases"). Hilco is one of the country's premier real estate restructuring companies, created for, and singularly focused on, restructuring or mitigating real estate obligations and disposing of and maximizing the value of under-performing assets. Hilco deals primarily with retail and industrial assets, both fee owned and leased. With its in-house valuation and appraisal expertise, Hilco is able to provide the necessary valuation, disposition advice and services to maximize value for clients.

**B. Services Provided by Hilco**

9. As set forth in the Services Agreement, Hilco has provided and will provide the consulting and advisory services described below with respect to the Leases:

    a.    Meet with the Debtors to ascertain the Debtors' goals, objectives, and financial parameters.

    b.    Mutually agree with the Debtors with respect to a strategic plan for the restructuring, assignment, subletting or termination of each Lease (the "Strategic Plan").

- 4 -

    c.    On the Debtors' behalf, negotiate the terms of agreements for more favorable lease terms with the landlords under certain of the Leases, in accordance with the Strategic Plan.

    d.    Negotiate waivers or reductions of prepetition cure amounts and Bankruptcy Code § 502(b)(6) claims with respect to the Leases in accordance with the Strategic Plan.

    e.    On the Debtors' behalf, negotiate the terms of agreements for the termination, assignment or subleasing of certain of the Leases, in accordance with the Strategic Plan.

    f.    Provide written reports periodically to the Debtors regarding the status of such negotiations.

    g.    Assist the Debtors in closing the pertinent Lease restructuring, termination, assignment or subleasing agreements contemplated in the Services Agreement.

**C. Proposed Compensation and Terms of Retention**

10. As compensation for Hilco's services, the Debtors will pay Hilco the fees set forth in Section 4 of the Services Agreement (collectively, the "Hilco Fees"). The Debtors intend to pay the Hilco Fees upon invoice, subject to the Debtors' right to dispute any such invoice.

11. The Debtors submit that the Hilco Fees are reasonable and payment thereof should be authorized and approved by the Court subject to an application for final allowance.

**D. Prior Payments**

12. In order to secure Hilco's services, the Debtors signed and delivered the Services Agreement to Hilco on or about August 26, 2009. Pursuant to a prior agreement dated February 12, 2009, the Debtors paid Hilco a pre-bankruptcy fee of $40,000, which shall be credited to their services as set forth in the Services Agreement.

**E. Disclosure Concerning Possible Conflicts of Interest**

13. Based upon the Declaration of Joseph A. Malfitano filed in support hereof (the "Malfitano Declaration"), the Debtors believe that, except as set forth therein, Hilco and its

employees do not hold or represent any interest adverse to the Debtors, and that Hilco is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code.

**F. Hilco's Connections to the Debtors, Their Creditors, and United States Trustee**

14. Based upon the Malfitano Declaration, the Debtors believe that, except as set forth therein, Hilco has no conflict with the Debtors, the Debtors' top forty unsecured creditors, the Lenders, the United States Trustee for this District or any person employed in the United States Trustee's office.

**G. Select Services Agreement Provisions**

15. Notwithstanding Sections 7(c)(ii) and (iii) of the Services Agreement, Hilco has agreed that an order authorizing Hilco's retention need not contain a provision stating that the payment of all fees and reimbursement of expenses to Hilco shall be free and clear of all liens, claims and encumbrances nor a provision with respect to state licensing restrictions.

16. Notwithstanding Sections 7(c)(iv) and (v) of the Services Agreement, Hilco has agreed to its compensation for services rendered and reimbursement of expenses incurred in connection with these chapter 11 cases be subject to final approval by the Court on application made by Hilco, which application shall set forth a summary of the services rendered, fees earned and paid, and expenses earned and paid.

17. In light of the compensation structure contained in the Services Agreement, Hilco should not be required to maintain or submit to the Court as part of its final fee application, or otherwise, records of detailed time entries in connection with the services rendered under the Services Agreement.

# IV.
# NOTICE

18. The Debtors shall provide notice of this Motion to their Shortened Service List. In light of the nature of the relief requested, the Debtors submit that no further notice is required or needed under the circumstances.

# V.
# NO PREVIOUS REQUEST

19. No previous request for the relief sought herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that the Court (a) grant the relief requested herein; (b) authorize the Debtors to retain and employ Hilco as real estate broker pursuant to sections 327 and 328 of the Bankruptcy Code and the Services Agreement, *nunc pro tunc* to August 26, 2009; and (c) grant such other and further relief as may be just and proper.

Dated: October 13, 2009          Respectfully Submitted,

                                 THE OCEANAIRE TEXAS RESTAURANT
                                 COMPANY, L.P., *et al*.

                                 By:/s/ Matthew A. Olins

                                 John Robert Weiss (Admitted *Pro hac vice*)
                                 Rosanne Ciambrone (Admitted *Pro hac vice*)
                                 Matthew A. Olins (Admitted *Pro hac vice*)
                                 Duane Morris LLP
                                 190 South LaSalle Street, Suite 3700
                                 Chicago, IL 60603-3433
                                 Telephone: (312) 499-6700
                                 Facsimile: (312) 499-6701
                                 Email: maolins@duanemorris.com

                                 -and-

By: /s/ Brian C. Mitchell
Samuel M. Stricklin, State Bar No. 19397050
Brian C. Mitchell, State Bar No. 24046452
Bracewell & Giuliani LLP
1445 Ross Avenue Suite 3800
Dallas, TX 75202-2711
Telephone: (214) 758.1095
Facsimile: (214) 758.8395
Email: sam.stricklin@bgllp.com

Counsel For The Debtors And
Debtors-In-Possession

# CERTIFICATE OF CONFERENCE

      The undersigned hereby certifies that he has conferred with Hilco Trading, LLC, the managing member of Hilco Real Estate, LLC, who consents to the relief requested in the Debtors' Motion to Retain and Employ Hilco Real Estate, LLC as Real Estate Broker (the "Motion"). No additional conference was conducted regarding the relief requested in the Motion.

Dated: October 13, 2009

      /s/ Matthew A. Olins

      Matthew A. Olins (Admitted *Pro hac vice*)
      Duane Morris LLP
      190 South LaSalle Street, Suite 3700
      Chicago, IL 60603-3433
      Telephone: (312) 499-6700
      Facsimile: (312) 499-6701
      Email: maolins@duanemorris.com