John Robert Weiss (Admitted *pro hac vice*)
Rosanne Ciambrone *(Admitted pro hac vice)*
Matthew A. Olins (Admitted *pro hac vice*)
Duane Morris LLP
190 South LaSalle Street, Suite 3700
Chicago, IL 60603-3433
Telephone: (312) 499-6700
Facsimile: (312) 499-6701
Email: maolins@duanemorris.com
Counsel For Certain of The Debtors And
Debtors-In-Possession

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| THE OCEANAIRE TEXAS RESTAURANT COMPANY, L.P., *et al.*,[1] | Case No.: 09-34262-bjh-11 |
| | Jointly Administered |
| Debtors. | **Hearing Date: December 1, 2009 at 9:15 a.m.** |

**FEE APPLICATION COVER SHEET FOR FIRST INTERIM APPLICATION OF
DUANE MORRIS LLP, AS COUNSEL FOR CERTAIN OF THE DEBTORS, FOR
ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES
FOR THE PERIOD OF JULY 5, 2009 THROUGH OCTOBER 31, 2009**

**Clients:** The Oceanaire Texas Restaurant Company, L.P., The Oceanaire Restaurant Company, Inc., The Oceanaire, Inc., The Oceanaire Minneapolis Restaurant Company, LLC, and The Oceanaire Texas Beverage Company, Inc. (Collectively, the "Debtors")[2]

| | |
|---|---|
| **Requesting Applicant/Firm**: | Duane Morris LLP |
| **Time Period**: | July 5, 2009 - October 31, 2009, inclusive |
| **Date of Retention**: | September 15, 2009 |
| **Total Amount of Compensation Requested**: | $761,540.50 |
| **Total Amount of Expenses Requested**: | $ 52,263.93 |
| **Remaining Prepetition Retainer, if any**: | $0.00 |
| **Total Amount Requested Through Fee Application**: | $813,804.43 |

**A HEARING WILL BE CONDUCTED ON THIS MATTER ON DECEMBER 1, 2009 AT 9:15 A.M. IN ROOM 1424 (COURTROOM #2) EARL CABELL FEDERAL BUILDING, 1100 COMMERCE STREET, DALLAS, TEXAS 75242. IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING, SPECIFICALLY ANSWERING EACH PARAGRAPH OF THIS PLEADING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT WITHIN TWENTY-THREE DAYS FROM THE DATE YOU WERE SERVED WITH THIS PLEADING. YOU MUST SERVE A COPY OF YOUR RESPONSE ON THE PERSON WHO SENT YOU THE NOTICE; OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

---

[1]       The other Debtors in these cases include The Oceanaire Restaurant Company, Inc., The Oceanaire, Inc., The Oceanaire Investment Company, Inc., The Oceanaire Minneapolis Restaurant Company, LLC, and The Oceanaire Texas Beverage Company, Inc.

[2]       By order of this court, Duane Morris LLP has been authorized to represent The Oceanaire Texas Restaurant Company, L.P., The Oceanaire Restaurant Company, Inc., The Oceanaire, Inc., The Oceanaire Minneapolis Restaurant Company, LLC, and The Oceanaire Texas Beverage Company, Inc. (but not The Oceanaire Investment Company, Inc.).

John Robert Weiss (Admitted *pro hac vice*)
Rosanne Ciambrone *(Admitted pro hac vice)*
Matthew A. Olins (Admitted *pro hac vice*)
Duane Morris LLP
190 South LaSalle Street, Suite 3700
Chicago, IL 60603-3433
Telephone: (312) 499-6700
Facsimile: (312) 499-6701
Email: maolins@duanemorris.com

Counsel For Certain of The Debtors And
Debtors-In-Possession

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| THE OCEANAIRE TEXAS RESTAURANT COMPANY, L.P., *et al.*,[1] | Case No.: 09-34262-bjh-11 |
| | Jointly Administered |
| Debtors. | **Hearing Date:  December 1, 2009 at 9:15 a.m.** |

### FIRST INTERIM APPLICATION OF DUANE MORRIS LLP,
### AS COUNSEL FOR CERTAIN OF THE DEBTORS, FOR ALLOWANCE
### OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR
### THE PERIOD OF JULY 5, 2009 THROUGH OCTOBER 31, 2009

**A HEARING WILL BE CONDUCTED ON THIS MATTER ON DECEMBER 1, 2009 AT 9:15 A.M. IN ROOM 1424 (COURTROOM #2) EARL CABELL FEDERAL BUILDING, 1100 COMMERCE STREET, DALLAS, TEXAS 75242.  IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING, SPECIFICALLY ANSWERING EACH PARAGRAPH OF THIS PLEADING.  UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT WITHIN TWENTY-THREE DAYS FROM THE DATE YOU WERE SERVED WITH THIS PLEADING.  YOU MUST SERVE A COPY OF YOUR RESPONSE ON THE PERSON WHO SENT YOU THE NOTICE; OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

---

[1]      The other Debtors in these cases include The Oceanaire Restaurant Company, Inc., The Oceanaire, Inc., The Oceanaire Investment Company, Inc., The Oceanaire Minneapolis Restaurant Company, LLC, and The Oceanaire Texas Beverage Company, Inc.

Duane Morris LLP ("Duane Morris"), counsel for The Oceanaire Texas Restaurant Company, L.P., The Oceanaire Restaurant Company, Inc., The Oceanaire, Inc., The Oceanaire Minneapolis Restaurant Company, LLC, and The Oceanaire Texas Beverage Company, Inc. (the "Debtors"), [2] files this First Interim Application for Allowance of Compensation and Reimbursement of Expenses (the "Application"). In support of the Application, Duane Morris respectfully states as follows:

## INTRODUCTION

1.    By this Application, Duane Morris seeks allowance and payment, pursuant to sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), of its fees for professional services rendered and reimbursement of expenses incurred during the time period of July 5, 2009 through October 31, 2009, inclusive (the "Application Period").

2.    Pursuant to this Application, Duane Morris seeks compensation and reimbursement in the aggregate amount of $813,804.43, which amount consists of compensation in the amount of $761,540.50 for professional services rendered on behalf of the Debtors during the Application Period and reimbursement of actual and necessary expenses incurred by Duane Morris in connection with the services rendered during the Application Period in the amount of $52,263.93.

## JURISDICTION AND BACKGROUND

3.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157.

---

[2]    By order of this court, Duane Morris LLP has been authorized to represent The Oceanaire Texas Restaurant Company, L.P., The Oceanaire Restaurant Company, Inc., The Oceanaire, Inc., The Oceanaire Minneapolis Restaurant Company, LLC, and The Oceanaire Texas Beverage Company, Inc. (but not The Oceanaire Investment Company, Inc.).

4.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

5.      This Application is made pursuant to sections 330 and 331 of the Bankruptcy Code and Rule 2016 of the Bankruptcy Rules.

6.      On July 5, 2009 (the "Petition Date"), each of the Debtors filed with this Court a petition for relief (collectively, the "Chapter 11 Cases") pursuant to chapter 11 of the Bankruptcy Code.

7.      No trustee or examiner has been appointed in the Chapter 11 Cases.  On July 21, 2009, the United States Trustee for the Northern District of Texas (the "UST") appointed an Official Committee of Unsecured Creditors (the "Committee").

8.      The Debtors are continuing in possession of their property and are operating and managing their business as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

9.      On August 3, 2009, the Debtors filed the Application Under Section 327(a) of the Bankruptcy Code to Approve the Employment and Retention of Duane Morris LLP as Counsel for Certain of the Debtors Effective as of the Petition Date [Docket No. 119], along with the Declaration of John Robert Weiss in support thereof [Docket No. 120] (together, the "Employment Application").  On August 6, 2009, the Court entered the Interim Order Approving Application Under Section 327(a) of the Bankruptcy Code to Approve the Employment and Retention of Duane Morris LLP as Counsel for Certain of the Debtors Effective as of the Petition Date [Docket No. 135].  On September 15, 2009, the Court singed the Final Order Authorizing the Employment and Retention of Duane Morris LLP as Counsel for Certain of the Debtors Effective as of the Petition Date [Docket No. 200].

## CASE PROGRESS AND GENERAL DESCRIPTION OF SERVICES RENDERED

10.    In carrying out their duties as debtors-in-possession, the Debtors, their management, employees, counsel and other advisors have devoted significant time and resources and have worked diligently with numerous creditors and parties-in-interest in these Chapter 11 Cases to, among other things, continue their current business operations for the benefit of the estates; evaluate and respond to claims and inquiries of creditors, constituents and other parties-in-interest; commence review (and rejection) of the Debtors' numerous executory contracts and unexpired leases; respond to due diligence and other requests from various parties; formulate and negotiate a plan for the Debtors' long-term business operations; and engage in negotiations relating to settlement and pursuit of certain claims involving the Debtors' estates.

11.    During the first few weeks of the Chapter 11 Cases, Duane Morris assisted the Debtors in successfully moving the court to enter orders authorizing the Debtors, among other things, to:  (i) continue to use their existing cash management system and existing bank accounts; (ii) pay prepetition wages, salaries and employee benefits; (iii) continue to provide employee benefits in the ordinary course of business; (iv) pay certain prepetition sales tax, use tax, trust-fund taxes, franchise taxes, employment related withholding taxes, other taxes, governmental assessments, and amounts due for liquor and related obligations; (v) honor certain prepetition obligations to customers and to otherwise continue customer programs in the ordinary course of business; (vi) reject certain real property leases; (vii) use cash collateral; (viii) enter into arrangements for the provision of "adequate protection" to the utility providers at each of the Debtors' locations; and (ix) grant adequate protection to pre-petition secured parties.

12.    Duane Morris also assisted the Debtors in obtaining Court approval to implement procedures for the prompt identification and payment of approximately $150,000 of claims, which otherwise would have been classified as Class 4 General Unsecured Claims, under the

federal Perishable Agricultural Commodities Act of 1930, 7 U.S.C. § 499(a) *et seq.* ("PACA"). PACA provides that purchasers of fresh fruits and vegetables, such as the Debtors, hold the proceeds of sale of those products in trust for any vendor that takes certain steps to preserve that trust.

13.     On August 31, 2009, the Debtors filed their Joint Plan of Reorganization [Docket No. 176] (as amended, the "Plan").  On October 19, 2009, the Debtors filed their First Amended Joint Plan of Reorganization [Docket No. 250] and the related Disclosure Statement [Docket No. 251] (the "Disclosure Statement").  A hearing to approve the Disclosure Statement is currently scheduled for November 25, 2009.  The Debtors have also filed a motion requesting an extension of the exclusive period for the Debtors to solicit acceptances to the Plan (Docket No. 186), which was granted at a hearing held on October 29, 2009.

14.     In connection with the Debtors' business operations, Duane Morris has been advised that the Debtors have positive cash flows and are paying certain undisputed administrative expenses in the ordinary course of their businesses from cash generated from operations.

## SUMMARY OF PROFESSIONAL SERVICES RENDERED

15.     In connection with its engagement as counsel for the Debtors and in accordance with its internal billing procedures, Duane Morris established the following task codes relating to various subject matter categories (collectively, the "Categories" and each a "Category") of work performed by Duane Morris's professionals in connection with these Chapter 11 Cases:

| CATEGORY | DESCRIPTION |
|---|---|
| B110 | Case Administration |
| B115 | Adversary Proceedings / Litigation |
| B120 | Asset Analysis and Recovery |

| CATEGORY | DESCRIPTION |
|---|---|
| B130 | Asset Disposition |
| B140 | Relief From Stay / Adequate Protection Proceedings |
| B150 | 341 Meetings; Committee Meetings; Tele Conf; Negotiation Mtg |
| B160 | Fee / Employment Application |
| B170 | Fee / Employment Objections |
| B180 | Avoidance Action Analysis |
| B185 | Assumption / Rejection of Leases and Contracts |
| B190 | Other Contested Matters |
| B210 | Business Operations |
| B220 | Employee Benefits / Pensions |
| B230 | Financing / Cash Collateral |
| B240 | Tax Issues |
| B310 | Claims Administration and Objections |
| B320 | Plan and Disclosure Statement |
| B410 | General Bankruptcy Advice/Opinions |
| B420 | Restructurings |
| B430 | Legal Research/Writing |
| B440 | Travel |

16.     During the Application Period, and in connection with the various and complex issues involved in the administration of the Chapter 11 Cases, Duane Morris expended time and rendered services to the Debtors for certain of the Categories that were both necessary and beneficial to the Debtors and their estates, creditors and other parties-in-interest.  A summary of the total fees incurred, including hourly rates and total hours expended during the Application Period per professional and paraprofessional, is attached hereto as Exhibit A, and is fully incorporated herein for all purposes.  Duane Morris's professionals performed work and billed time for each of the Categories as set forth below and as shown in the attached Exhibit B.  In further support of the Application, invoices containing a more detailed and itemized description of the services provided by Duane Morris for each of the Categories are attached as Exhibit D, and invoices containing a more detailed and itemized description of the expenses incurred by Duane Morris are attached as Exhibit E.

A.      **Case Administration (Category B110)**

17.      Since the Petition Date, Duane Morris has worked diligently to assist in the efficient administration of the Chapter 11 Cases, to maintain efficient working relationships with creditors and parties-in-interest and to ensure the Debtors' compliance with applicable laws, and to address any issues arising in connection with the Chapter 11 Cases.  Duane Morris's services performed relating to this Category have included, among other things:  coordination and compliance with UST and Court requirements, rules, orders, and other matters; preparation of financial statements, bankruptcy schedules, and monthly operating reports; preparation and filing of various "first day pleadings;" negotiations with utilities under section 366 of the Bankruptcy Code; preparation of general pleadings and attendance at hearings; preparing internal status updates to the Debtors; and various additional tasks that did not justify a unique Category to track the fees and expenses with more specificity.  In connection with Category B110, Duane Morris expended approximately 689.5 hours during the Application Period, for a total of $292,566.00.

B.      **Adversary Proceedings / Litigation (Category B115)**

18.      Duane Morris prepared a motion pursuant to 28 U.S.C. § 1452 and Bankruptcy Rules 9006(b) and 9027 extending the time period within which to remove civil actions commenced prior to the filing of the Chapter 11 Cases for forty-five days, through November 17, 2009 [Docket No. 184] (the "Removal Motion").  Duane Morris prepared the Removal Motion because the Debtors needed additional time to review certain prepetition actions in order to determine whether removal was appropriate.  The Court granted the Removal Motion on October 14, 2009.  In connection with Category B115, Duane Morris expended approximately 3.4 hours during the Application Period, for a total of $1,904.00.

C.      **Asset Analysis and Recovery (Category B120)**

19.     Duane Morris professionals did not bill any time for asset analysis and recovery.

D.      **Asset Disposition (Category B130)**

20.     In connection with and in furtherance of the Debtors' duties to maximize assets for the benefit of estate creditors and parties-in-interest, Duane Morris has worked with respect to coordinating the sale of certain furniture, fixtures, and equipment, and negotiating and facilitating retention of The Advantage Group Enterprise, Inc. in connection with same.  Duane Morris has also performed services relating to possible disposition of certain other assets of the Debtors, including evaluating costs associated with any such potential disposition.  In connection with Category B130, Duane Morris expended approximately 88.4 hours during the Application Period, for a total of $38,423.00.

E.      **Relief From Stay / Adequate Protection Proceedings (Category B140)**

21.     Duane Morris professionals did not bill any time for relief from stay / adequate protection proceedings.

F.      **341 Meetings; Committee Meetings; Telephone Conferences; Negotiation Meetings (Category B150)**

22.     In light of the Debtors' numerous customers and trade creditors, Duane Morris assisted the Debtors and the UST in preparing for and facilitating the first meeting of creditors pursuant to section 341.  Since the formation of the Committee and appointment of the Committee members, Duane Morris has advised and assisted the Debtors in responding to requests for information and other requests by the Committee and its counsel and professionals.  Duane Morris additionally has remained in close contact with counsel for the Committee regarding the status and progress of the Chapter 11 Cases, and has addressed Committee concerns relating to the Debtors, their estates, the Chapter 11 Cases, and related matters.  Such

direct communication with the Committee and other creditors have allowed Duane Morris and the Debtors to address and resolve many issues out of Court, thereby avoiding unnecessary litigation and proceedings.  Duane Morris has also endeavored to coordinate with the Committee on areas of common interest in order to minimize duplication of effort.   In addition, Duane Morris has responded to numerous inquiries from creditors, interest holders, and other parties-in-interest.  In connection with Category B150, Duane Morris expended approximately 37.6 hours during the Application Period, for a total of $19,402.50.

**G.     Fee / Employment Application (Category B160)**

23.     As counsel for the Debtors, Duane Morris advised and assisted the Debtors in preparing applications, and supporting documentation and affidavits, to retain and employ certain of the Debtors' agents and professionals, including (i) Duane Morris; (ii) The Garden City Group, Inc., and (iii) various ordinary course professionals.  Duane Morris also attended hearings concerning such retention applications.   In connection with Category B160, Duane Morris expended approximately 96.6 hours during the Application Period, for a total of $36,395.00.  During the Application Period, Duane Morris expended approximately 53.2 hours preparing this Application, for a total of $17,521.00, which represents 2.2% of the total request contained in this Application.  An as yet unknown portion of the time spent preparing the Application will be submitted in a future fee application.

**H.     Fee / Employment Objections (Category B170)**

24.     Duane Morris professionals did not bill any time for fee / employment objections.

**I.     Avoidance Action Analysis (Category B180)**

25.     Duane Morris professionals did not bill any time for avoidance action analysis.

**J.      Assumption / Rejection of Leases and Contracts (Category B185)**

26.      The Debtors have undertaken an extensive review and business judgment evaluation of unexpired leases and executory contracts.  In connection with this Category, Duane Morris has assisted in reviewing and evaluating the Debtors' rights and obligations under their prepetition executory contracts and unexpired leases; communicating with landlords concerning the status of leases, alleged defaults, lease designation rights, and lease disposition procedures; obtaining the Court's approval of the Debtors' rejection of certain executory contracts and unexpired non-residential real property leases; and preparing a motion and order to extend the time by which the Debtors must assume or reject their unexpired non-residential real property leases.  In connection with Category B185, Duane Morris expended approximately 85.8 hours during the Application Period, for a total of $43,257.50.

**K.      Other Contested Matters (Category B190)**

27.      In addition to general bankruptcy litigation matters and matters involving the assumption and rejection of the Debtors' contracts and leases, Duane Morris provided legal advice and services relating to other contested matters arising in the Debtors' Chapter 11 Cases, including analysis of various correspondence and matters related to potential litigation.   In connection with Category B185, Duane Morris expended approximately 37.8 hours during the Application Period, for a total of $18,524.00.

**L.      Business Operations (Category B210)**

28.      In connection with its representation of the Debtors as debtors-in-possession, Duane Morris also assisted, among other things, in taking actions necessary to maintain the Debtors' business operations and in responding to customer and employee inquiries as to the effect of the Chapter 11 Cases on their claims and relationship with the Debtors.  Duane Morris assisted the Debtors with various matters relating to the Debtors' board of directors and the

Debtors' business operations, including preparation of materials for and attendance at board of directors meetings to discuss, among other things, the progress and strategies relating to the Chapter 11 Cases; analysis and advice regarding corporate governance issues; review and preparation of corporate documents; and analysis and attention to issues related to the Debtors' business operations during the pendency of the Chapter 11 Cases, including responding to employee, vendor, tenant and landlord issues.  In connection with Category B210, Duane Morris expended approximately 12.1 hours during the Application Period, for a total of $7,425.00.

**M.      Employee Benefits / Pensions (Category B220)**

29.      Duane Morris devoted time and resources to the analysis of employee benefit-related issues, including responding to employee inquiries as well as communications with the Debtors' various benefit plan administrators and similar parties regarding maintenance of the Debtors' health, severance, and pension plans.  Duane Morris worked closely with the Debtors to obtain the Court's authorization to approve payment of employee wages and other compensation, and to continue the Debtors' various employee benefit-related programs and to ensure the continued support and well-being of the Debtors' employees for the benefit of all creditors and parties-in-interest.  In addition, Duane Morris has expended time in connection with 401(k), severance, pension and other plan matters.  In connection with Category B220, Duane Morris expended approximately 15.8 hours during the Application Period, for a total of $6,263.50.

**N.      Financing / Cash Collateral (Category B230)**

30.      Duane Morris devoted significant effort and resources to negotiating and obtaining final approval of the Court for the Debtors to use cash collateral securing the secured lenders' claims.  The services which Duane Morris performed relating to this Category included, among other things:   engaging in careful and detailed negotiations with numerous parties, including the prepetition secured lenders and the Committee, with respect to the consensual use

of the Debtors' cash; document review during negotiations; participation in numerous conferences and drafting sessions; and appearances at hearings.  In connection with Category B230, Duane Morris expended approximately 77.6 hours during the Application Period, for a total of $45,747.00.

**O.      Tax Issues (Category B240)**

31.      Duane Morris has assisted and advised the Debtors with respect to analyzing tax-related issues implicated in the Chapter 11 Cases.  In connection with Category B240, Duane Morris expended approximately 6.6  hours during the Application Period, for a total of $3,092.00.

**P.      Claims Administration and Objections (Category B310)**

32.      Duane Morris has advised the Debtors and their professionals in connection with the reconciliation of certain claims listed asserted against the Debtors, and has reviewed certain claims asserted against the Debtors.  Duane Morris has communicated with numerous creditors, landlords and former employees regarding their claims and their filing proofs of claim, has drafted pleadings concerning establishment of a bar date, and has coordinated service of the bar date order and customized proof of claim forms on all creditors.  In connection with Category B310, Duane Morris expended approximately 128.5 hours during the Application Period, for a total of $54,340.00.

**Q.      Plan and Disclosure Statement (Category B320)**

33.      Duane Morris devoted significant effort and resources to the negotiation and drafting of the Debtors' plan of reorganization and disclosure statement.  Duane Morris and the Debtors have engaged in extensive negotiations with representatives of the Debtors' secured lenders and other parties relating to the formulation of and proposed amendments to the Debtors' reorganization plan.  Since the filing of the Debtors' Plan and Disclosure Statement, Duane Morris and the Debtors have continued to work diligently with various parties-in-interest,

including the Committee, to address questions and resolve issues relating to the Plan and Disclosure Statement.   Because the Debtors need additional time to address certain implementation issues with respect to the Plan, the Debtors, with assistance from Duane Morris, additionally requested an extension of the time within which to solicit acceptances to the Plan. In connection with Category B320, Duane Morris expended approximately 198.9 hours during the Application Period, for a total of $109,955.00.

**R.      General Bankruptcy Advice/Opinions (Category B410)**

34.      Duane Morris professionals did not bill any time for general bankruptcy advice/opinions.

**S.      Restructurings (Category B420)**

35.      In connection with the Debtors' continued operation during the pendency of the Chapter 11 Cases, Duane Morris has advised the Debtors with relation to various matters related to potential equity restructurings through bankruptcy, including analysis of and responses to due diligence and related requests; assistance with preparation of a data room in connection with same; and negotiating and drafting various agreements related to same.   In connection with Category B420, Duane Morris expended approximately 138.3 hours during the Application Period, for a total of $84,246.00.

**T.      Legal Research/Writing (Category B430)**

36.      Duane Morris professionals did not bill any time to Category B430 for legal research/writing.

**U.      Travel (Category B440)**

37.      Despite the provision of this Court's General Order No. 00-7 allowing for travel time to be billed at half rates, Duane Morris professionals did not bill any time for travel.

## EXPLANATION OF EXPENSES

38.    The out-of-pocket expenses incurred by Duane Morris are summarized in <u>Exhibit C</u> and detailed in <u>Exhibit E</u>, which contain a summary of the out-of-pocket expenses incurred and an itemization, in date order, of those out-of-pocket expenses.  Expenses for court costs, outside copy costs, computerized legal research, and courier services are billed at actual cost. Telecopies have been billed at $.20 per page.  In-house copy charges are billed at $.20 per page. All air transportation is at regular coach fare.  Duane Morris does not charge for long distance telephone charges.  No request is made for standard overhead expenses.  Likewise, no request is made for any charges related to the CM/ECF PACER system.

39.    Messenger services and overnight deliveries were necessary when regular mail would not be fast enough to complete the task in a timely manner, particularly early on in these Chapter 11 Cases when it was necessary to serve motions via messenger or overnight delivery in order to insure proper notice.

40.    In addition, since the filing of these Chapter 11 Cases, Duane Morris has voluntarily written off certain out-of-pocket expenses including secretarial overtime, local travel expenses, and local meals for working late.

## BASIS FOR ALLOWANCE OF COMPENSATION AND EXPENSES

41.    Section 330 of the Bankruptcy Code provides that a court may award to a professional person, including counsel for a debtor, reasonable compensation for actual, necessary services.  *See* 11 U.S.C. § 330(a)(1)(A).  In determining the amount of reasonable compensation to award, the court must take into account all relevant factors, including (a) the time spent; (b) rates charged; (c) whether the services were necessary or beneficial in the bankruptcy case; (d) whether the time expended was commensurate with the complexity,

importance and nature of the issues or tasks; (e) whether the professional is board certified or has otherwise demonstrated skill and experience in the bankruptcy field; and (f) whether the compensation is reasonable based on customary charges of comparable practitioners in other bankruptcy cases. 11 U.S.C. § 330(a)(3)(A). Pursuant to section 331 of the Bankruptcy Code, a professional may apply for allowance of compensation on an interim basis every 120 days after an order for relief. 11 U.S.C. § 331.

42.     The Fifth Circuit Court of Appeals has recognized that the reasonableness of a bankruptcy fee award is further evaluated pursuant to the "lodestar" method of multiplying the number of hours reasonably spent on the work by the prevailing hourly rate, and adjusting that amount based on consideration of section 330 and the *Johnson* factors, as described herein. *See In re Cahill*, 428 F.3d 536, 539-40 (5th Cir. 2005); *Peele v. Cunningham (In re Texas Sec., Inc.)*, 218 F.3d 443, 445 (5th Cir. 2000); *see also Johnson v. Georgia Highway Express*, 488 F.2d 714 (5th Cir. 1974).

43.     The twelve additional *Johnson* factors that courts may consider in adjusting compensation for professionals are: (i) time and labor required for the task; (ii) the novelty and difficulty of the issues involved; (iii) the skill required to properly perform the services; (iv) any resulting preclusion from other employment; (v) customary fees; (vi) whether the professional's fee is fixed or contingent; (vii) time limitations imposed by the client or other circumstances; (viii) the results achieved; (ix) the attorney's experience, reputation and ability; (x) the undesirability of the case; (xi) the nature and length of the professional relationship with the client; and (xii) awards in similar cases. *See Johnson*, 488 F.2d at 717-19; *see also Cooper Liquor, Inc. v. Adolph Coors Co.*, 684 F.2d 1087 (5th Cir. 1987).

44.     In light of the above factors listed in section 330 and the *Johnson* factors, Duane Morris submits that the fees and expenses incurred for the Application Period were reasonable and necessary, and should be allowed in their entirety.

**A.      Duane Morris's Time and Labor Expended Were Reasonable, Necessary and Commensurate with the Tasks and Issues Involved and the Complexity of the Chapter 11 Cases.**

45.     *Time and labor required.*  Duane Morris's partners, associates, paralegals and professional support staff expended 1616.9 hours in representing the Debtors during the Application Period, at an average hourly rate of $414.38 including paraprofessionals and $476.18 excluding paraprofessionals.  Duane Morris's records of the time expended in the rendition of professional services for the Debtors, as well as for all of its other clients, consist of daily time entries by individual attorneys, paralegals and professional support staff that are then placed in computer records.  A summary of the hours worked and total fees incurred during the Application Period for each Category is attached hereto as <u>Exhibit B</u>, and a more extensive summary of the tasks performed in connection with each Category is set forth above.  Duane Morris's invoices to the Debtors containing a more detailed itemization of the daily tasks performed are submitted as <u>Exhibit D</u> to this Application.

46.     All professionals involved in the rendering of services in this proceeding made a deliberate effort to avoid any unnecessary duplication of work and time expended.  In certain instances, conferences and/or collaborations were necessary among attorneys or between paralegals and attorneys.  This was required because of the often complex nature of the pleadings being drafted, the speed in which the cases were being handled, and the many different matters going on at any one time.  Where more routine tasks were involved, Duane Morris used the talents of its paralegals and professional support staff to reduce the total fees in these cases without sacrificing the quality of the services rendered.

47.     The Debtors' cases are large and complex, with thousands of parties-in-interest. As of the Petition Date, the Debtors operated sixteen restaurants located across the country, and held a lease for a seventeenth location yet to be opened.  In addition, as of the Petition Date, the Debtors had approximately 1,090 employees on payroll.   Therefore, besides bankruptcy attorneys, the nature of the Debtors' business and the effects of the chapter 11 filings required the participation of more experienced labor, employment, real estate, corporate, and trial attorneys to consider the ramifications of the planned courses of action and related pleadings. The use of specialists in certain areas of law, such as labor and employment, real estate, litigation, and corporate, enabled Duane Morris to keep the costs down for the estates.  It also enabled Duane Morris to advise the Court that the Debtors had made an informed decision regarding the matter at issue and, hopefully, assisted the Court by providing important and relevant information that will ultimately benefit the estates.  In the end, the actual cost to the estates was less than if a bankruptcy lawyer had tried to learn other substantive areas of the law relating to and affecting these Debtors.

48.     Duane Morris submits that the time spent on the services rendered was commensurate with the complexity of these Chapter 11 Cases, and was reasonable and necessary to fully protect the Debtors' interests and, consequently, to maximize the value of the Debtors' estates for the benefit of all creditors and parties-in-interest in these Chapter 11 Cases.

49.     *Novelty and difficulty of the questions addressed*.  Duane Morris additionally submits that the time it spent in connection with the matters and issues addressed in each Category was commensurate with the importance, novelty and difficulty of the issues and questions addressed.  Some of the issues involved in the Chapter 11 Cases were unusual and difficult and involved areas of law which had to be carefully considered by Duane Morris.  In

addition, the size of the Debtors' business, the extent of their indebtedness, and the large number

of creditors and former employees created complex questions regarding the business and legal

affairs of the Debtors that had to be carefully considered by Duane Morris.

50.     *Skill requisite to perform services properly.*  Due to the size and complexity of the

Chapter 11 Cases, the services performed by Duane Morris's professionals on behalf of the

Debtors during the Application Period have called for skilled professionals with expertise and

specialized background in large chapter 11 bankruptcy cases, as well as professionals trained in

the areas of corporate law, litigation, and other matters arising in connection with the Chapter 11

Cases.  Wherever possible, Duane Morris has utilized professionals at various levels of seniority

and experience as appropriate in relation to the complexity and requirements of the task

performed.  At all times, Duane Morris's professionals rendered their services economically and

effectively without unnecessary duplication of efforts.

51.     *Preclusion of other employment.*  Duane Morris was precluded from accepting

representation of other entities in these cases by virtue of its representation of the Debtors.

Duane Morris was not precluded from taking other employment in other matters, although Duane

Morris's representation of the Debtors often involves matters that are time-critical and require

substantial efforts, and Duane Morris attorneys could devote time otherwise spent in these

Chapter 11 Cases to other matters.

**B.      Duane Morris's Rates are Reasonable and Comparable to Rates of Firms with
        Similar Skill and Reputation.**

52.     *Fee customarily charged.*  Duane Morris has charged the Debtors at or below its

customary fees for legal services provided to the Debtors in connection with these Chapter 11

Cases and as disclosed in the Employment Application.  Specifically, Duane Morris charged the

Debtors at its "preferred" hourly rates, as opposed to its "national standard" rates, resulting in a

savings to the Debtors of approximately 10% of all fees incurred.  A summary of the number of hours expended and fees incurred per professional and paraprofessional, as well as the type of professional or paraprofessional, department, and year admitted to practice law, is attached hereto as <u>Exhibit A</u>.

53.    The rates that Duane Morris charged are at or below the rates Duane Morris charges to clients in other, non-bankruptcy maters, and are reasonable in relation to the work Duane Morris performed.  Duane Morris's standard hourly rates are comparable to market rates for other firms in the community of comparable skill, experience and reputation.

54.    *Whether the fee is fixed or contingent*.  Duane Morris's rates are fixed hourly rates.

**C.    Duane Morris's Fees are Consistent with Time Limitations and Results Obtained.**

55.    *Time limitations imposed by client or circumstances*.  The Chapter 11 Cases have presented many time-critical challenges and deadlines, including, among others, preparation and prosecution of numerous "first day," lease and contract rejection, and other pleadings and filings relating to matters that were critical to the Debtors' basic ongoing business operations.  Certain time limits were placed on the Debtors to deal with issues regarding their secured lenders and other parties.  The Debtors' precarious financial position at the Petition Date, and the burden that the professional expenses of bankruptcy are placing on the Debtors, has required Duane Morris to accelerate its efforts to file and confirm a plan of reorganization for the Debtors.  Duane Morris has fulfilled its pledge to the Court to attempt to confirm a plan of reorganization by the end of 2009, although scheduling difficulties have caused that effort to slip into the first week of 2010.

56.    *Results obtained*.  Duane Morris submits that the amount of compensation and reimbursement requested in this Application is consistent with the results obtained thus far in the Chapter 11 Cases.  Duane Morris has assisted the Debtors in taking actions necessary to maintain

the Debtors' business operations with as little interruption as possible, while working towards a prompt and successful reorganization and emergence from bankruptcy.  Thus far, the results of Duane Morris's efforts are promising.  For example, Duane Morris has worked with the Debtors to obtain Court approval of the Debtors' rejection of certain executory contracts and unexpired leases pertaining to restaurants that the Debtors had to close in order to successfully reorganize and emerge from bankruptcy, and has filed and continues to negotiate with various parties regarding the Debtors' Plan and Disclosure Statement, in hopes to achieve consensual confirmation of a Plan at or around year end.  In addition, Duane Morris facilitated the retention of The Advantage Group Enterprise, Inc., which sold the furniture, fixtures and equipment at these closed locations, resulting in the Debtors' having received net sale proceeds of between $40,000 and $50,000 per location for all of those assets.  While each of these represents a success, the primary achievement in the Chapter 11 Cases has been the Debtors' navigating the reorganization process efficiently, which resulted from Duane Morris's experience.  By managing the process thus far, Duane Morris has demonstrated an ability to represent the Debtors effectively and efficiently so that the Debtors can emerge from bankruptcy a healthier and stronger enterprise and so that creditors can recover as much as possible on their claims.

**D.     Duane Morris's Professionals are Experienced and Well Qualified.**

57.     *Experience, reputation and ability*.  Duane Morris's professionals are well qualified for the work performed on behalf of the Debtors, and specialize in the areas of bankruptcy, corporate reorganization, other corporate and tax matters, as well as bankruptcy and other litigation.  Duane Morris has represented all types of entities in liquidation and reorganization cases and enjoys an excellent reputation as experienced and capable bankruptcy counsel.  In addition, Duane Morris's paraprofessionals, as listed on <u>Exhibit A</u>, are experienced

and well qualified, specialize in the areas listed, and contribute to the effective and efficient provision of services on behalf of the Debtors.

58.      Accordingly, Duane Morris believes it has performed the services requested by the Debtors skillfully and efficiently, to the collective benefit of the Debtors, creditors and all parties-in-interest in these Chapter 11 Cases.  In connection with its engagement in the Chapter 11 Cases, and as indicated on <u>Exhibit A</u>, Duane Morris has utilized the services of various professionals with a range of legal experience to employ the proper level of experience – and billing rate – for the particular work performed.

**E.      Nature of Case and Duane Morris's Relationship with the Debtors.**

59.      *Undesirability of the case*.  The difficult and complex matters involved in these cases, the substantial size of the Debtors' business, the extent of their indebtedness, the large number of unsecured creditors and former employees, and the large amounts of time devoted by Duane Morris to this case might have made it undesirable for some law firms lacking Duane Morris's bankruptcy knowledge and expertise.  However, representation of the Debtors in these cases has not been undesirable for Duane Morris.

60.      *Nature and length of the professional relationship with the client*.  Duane Morris was engaged by the Debtors prior to the Petition Date to provide legal advice on various matters, including corporate and finance matters, and matters involving financial restructuring and insolvency issues, on account of its knowledge and experience in the field of bankruptcy and reorganization law, and has utilized its familiarity with the Debtors' businesses to further provide services in a most efficient and effective fashion.

61.      *Awards in similar cases*.  Duane Morris believes the services it rendered as counsel for the Debtors in these cases benefited the Debtors, their creditors, and these estates, and that the amount requested pursuant to this Application is consistent with fees charged by

similarly skilled professionals for comparable services rendered and results obtained in other

large chapter 11 bankruptcy cases.  In addition, as set forth above, Duane Morris submits that the

rates charged to the Debtors are at or below Duane Morris's customary and usual rates charged,

and are within the range of rates customarily charged by other firms with comparable expertise,

skills and reputation.

**F.      The Expenses Duane Morris Incurred were Actual and Necessary.**

62.     Duane Morris incurred expenses in the aggregate amount of $52,263.93 on behalf

of the Debtors in connection with legal services during the Application Period.  A summary of

these expenses is set forth in <u>Exhibit C</u>.  A more detailed itemization of the expenses incurred is

included in <u>Exhibit E</u>.

63.     In connection with the reimbursement of expenses, and in accordance with Duane

Morris's policy for non-bankruptcy clients, Duane Morris charged the actual cost of expenses

paid, without any enhancement or other administrative charge.   Accordingly, Duane Morris

submits that the expenses it incurred were actual expenses and were necessarily incurred in

connection with Duane Morris's rendition of legal services to the Debtors in these Chapter 11

Cases.

WHEREFORE, Duane Morris respectfully requests that the Court enter an order: (a) allowing Duane Morris's fees in the amount of $761,540.50; (b) allowing Duane Morris's actual and necessary expenses in the amount of $52,263.93; and (c) granting such other and further relief to which Duane Morris may be entitled, both at law and in equity

Dated: November 6, 2009                     Respectfully Submitted,

                                            DUANE MORRIS LLP

                                            By:/s/ Matthew A. Olins
                                            _____

                                            John Robert Weiss (Admitted *Pro hac vice*)
                                            Rosanne Ciambrone (Admitted *Pro hac vice*)
                                            Matthew A. Olins (Admitted *Pro hac vice*)
                                            190 South LaSalle Street, Suite 3700
                                            Chicago, IL 60603-3433
                                            Telephone: (312) 499-6700
                                            Facsimile: (312) 499-6701
                                            Email: maolins@duanemorris.com

                                            Counsel For Certain of The Debtors And
                                            Debtors-In-Possession

## CERTIFICATION OF CERTIFYING PROFESSIONAL

The undersigned hereby certifies that he has been designated by Duane Morris LLP as the Certifying Professional with respect to the Application, and that (a) he has read the Application; (b) to the best of his knowledge, information and belief, formed after reasonable inquiry, the compensation and expense reimbursement sought is in conformity with the Guidelines for Compensation and Expense Reimbursement of Professionals for the United States Bankruptcy Court, Northern District of Texas, effective January 1, 2001; and (c) the compensation and expense reimbursement requested are billed at rates in accordance with practices that are no less favorable than those customarily employed by Duane Morris LLP and generally accepted by clients of Duane Morris LLP for similar services.

                                            By:/s/ John Robert Weiss
                                            _____
                                            John Robert Weiss