| | |
|---|---|
| Joe E. Marshall<br>Texas Bar No. 13031100<br>Deborah M. Perry<br>Texas Bar No. 24002755<br>MUNSCH HARDT KOPF & HARR, P.C.<br>3800 Lincoln Plaza<br>500 North Akard Street<br>Dallas, Texas 75201-6659<br>Telephone: (214) 855-7500<br>Facsimile: (214) 855-7584<br><br>**ATTORNEYS FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS** | John Robert Weiss (Admitted Pro hac vice)<br>Matthew A. Olins (Admitted Pro hac vice)<br>DUANE MORRIS LLP<br>190 S. LaSalle Street, Suite 3700<br>Chicago, Illinois 60603<br>Telephone: (312) 499-6700<br>Facsimile: (312) 499-6701<br><br>And<br><br>Samuel M. Stricklin, Texas Bar No. 19397050<br>Brian C. Mitchell, Texas Bar No. 24046452<br>Bracewell & Giuliani LLP<br>1445 Ross Avenue, Suite 3800<br>Dallas, TX 75202<br>Telephone: (214) 758-1095<br>Facsimile: (214) 758-8395<br><br>**ATTORNEYS FOR DEBTORS AND DEBTORS-IN-POSSESSION** |

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| THE OCEANAIRE TEXAS RESTAURANT COMPANY, L.P., *et al.*,[1] | § | Case No. 09-34262-bjh -11 |
| | § | |
| | § | Jointly Administered |
| Debtors. | § | |

---

[1] The other Debtors in these cases include The Oceanaire Restaurant Company, Inc., The Oceanaire, Inc., The Oceanaire Investment Company, Inc., The Oceanaire Minneapolis Restaurant Company, LLC, and The Oceanaire Texas Beverage Company, Inc.

**JOINT MOTION FOR ENTRY OF ORDER (A) APPROVING LANDRY'S RESTAURANTS, INC. AS THE STALKING HORSE, (B) AUTHORIZING AND SCHEDULING AN AUCTION FOR THE STOCK OF THE REORGANIZED DEBTORS, (C) APPROVING PROCEDURE FOR THE SUBMISSION OF QUALIFYING BIDS, (D) APPROVING BREAK-UP FEE, AND (E) APPROVING THE FORM AND MANNER OF NOTICE PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2002 - Page 1**

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS' AND DEBTORS' JOINT MOTION FOR ENTRY OF AN ORDER (A) APPROVING LANDRY'S RESTAURANTS, INC. AS THE STALKING HORSE, (B) AUTHORIZING AND SCHEDULING AN AUCTION FOR THE STOCK OF THE REORGANIZED DEBTORS, (C) APPROVING PROCEDURE FOR THE SUBMISSION OF QUALIFYING BIDS, (D) APPROVING BREAK-UP FEE, AND (E) APPROVING THE FORM AND MANNER OF NOTICE PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2002**

TO THE HONORABLE BARBARA J. HOUSER, CHIEF UNITED STATES BANKRUPTCY JUDGE:

COME NOW the Official Committee of Unsecured Creditors (the "Committee") and the Debtors (collectively, the "Movants") and file this Joint Motion for Entry of Order (A) Approving Landry's Restaurants, Inc. as the Stalking Horse Bidder, (B) Authorizing and Scheduling an Auction for the Stock of the Reorganized Debtors, (C) Approving Procedure for the Submission of Qualifying Bids, (D) Approving Break-Up Fee, and (E) Approving the Form and Manner of Notice Pursuant to Federal Rule of Bankruptcy Procedure 2002 (the "Motion"), and in support thereof would respectfully show this Court as follows:

### I. BACKGROUND

1. On July 5, 2009, The Oceanaire Texas Restaurant Company, L.P., *et al.* (the "Debtors") filed their respective petitions for relief under Chapter 11 of the U.S. Bankruptcy Code, 11 U.S.C. § 101, et seq. (the "Bankruptcy Code"), which are being jointly administered in this case (the "Bankruptcy Case"). Pursuant to Sections 1107 and 1108 of the Bankruptcy Code, the Debtors are operating and managing their businesses and properties as debtors in possession.

2. On July 21, 2009, the U.S. Trustee's Office appointed the Committee to serve in the Bankruptcy Case. As of the date hereof, no trustee, examiner or other statutory creditors' committees have been appointed in the Bankruptcy Case.

**JOINT MOTION FOR ENTRY OF ORDER (A) APPROVING LANDRY'S RESTAURANTS, INC. AS THE STALKING HORSE, (B) AUTHORIZING AND SCHEDULING AN AUCTION FOR THE STOCK OF THE REORGANIZED DEBTORS, (C) APPROVING PROCEDURE FOR THE SUBMISSION OF QUALIFYING BIDS, (D) APPROVING BREAK-UP FEE, AND (E) APPROVING THE FORM AND MANNER OF NOTICE PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2002 - Page 2**

3. Since August, 2009, Landry's Restaurants, Inc. ("Landry's") has pursued the acquisition of the equity in the Debtors. Landry's executed a confidentiality agreement, conducted extensive due diligence and has participated in discussions with the Committee and Debtors regarding potential terms and conditions under which it could serve as the equity sponsor under a plan of reorganization in this case. Landry's efforts culminated in an offer submitted to the Debtors in the form of the Stock Purchase Agreement substantially in the form attached hereto as **Exhibit "A"** (the "Stock Purchase Agreement"). Landry's offer included a $1.5 million good faith deposit. Other parties have expressed an interest in the Debtors, but Movants believe that Landry's offer represents the highest and best opportunity for the creditors and these Estates, and is referred to herein as the "Stalking Horse Bid".

4. Based on the Landry's proposed acquisition and the agreement among the parties that Landry's serve as the "stalking horse" bidder in an auction for the equity, the Movants will be promptly filing their Joint Plan of Reorganization Under Chapter 11 of the United States Bankruptcy Code (the "Joint Plan") with an accompanying Disclosure Statement (the "Disclosure Statement"). In support thereof, contemporaneously therewith, Movants will also file their Joint Motion for Entry of Order (A) Approving Disclosure Statement for the Joint Plan of Reorganization Under Chapter 11 of the United States Bankruptcy Code, (B) Scheduling a Hearing to Consider Confirmation of the Joint Plan, (C) Establishing Voting and Objection Deadlines, and (D) Approving Shortened Balloting, Solicitation, Voting and Notice Procedures (the "Motion for Approval of Disclosure Statement").

5. The Court has jurisdiction over the Bankruptcy Case and this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This Motion involves a core proceeding pursuant to 28 U.S.C.

**JOINT MOTION FOR ENTRY OF ORDER (A) APPROVING LANDRY'S RESTAURANTS, INC. AS THE STALKING HORSE, (B) AUTHORIZING AND SCHEDULING AN AUCTION FOR THE STOCK OF THE REORGANIZED DEBTORS, (C) APPROVING PROCEDURE FOR THE SUBMISSION OF QUALIFYING BIDS, (D) APPROVING BREAK-UP FEE, AND (E) APPROVING THE FORM AND MANNER OF NOTICE PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2002 - Page 3**

§ 157(b)(2). Venue of the Bankruptcy Case and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. REQUESTED RELIEF

6. For purposes of implementing the Joint Plan, Movants request approval of an abbreviated sale process that includes procedures for qualifying bidders, conducting a duly noticed auction to allow for competitive bidding and approval of the Stock Purchase Agreement and Landry's as the stalking horse bidder with certain limited bid protections (the "Bid Procedures"), all of which are set forth in the notice substantially in the form attached hereto as **Exhibit "B"** and described hereinbelow.

## III. BID PROCEDURES

7. In order to effectuate the proposed sale of the Reorganized Oceanaire Stock and to maximize the purchase price through an auction (the "Auction"), Movants propose the following auction and bid procedures:

**A. Qualifying Bidders**

8. With the exception of the Stalking Horse Bid, the Bid Procedures shall provide that all interested parties must, no later four (4) business days prior to the Auction, deliver the following (the "Bid Package") to the undersigned counsel for the Movants and Schulte Roth & Zabel LLP, counsel for Wells Fargo Capital Finance, Inc., as agent (in such capacity, the "Agent") for the lenders (the "Lenders") party to the Credit Agreement, dated January 26, 2009, among th Debtors, the Agent and Lenders::

  a. an executed stock purchase agreement for the purchase of the Reorganized Oceanaire Stock ("Bid"), executed by the bidder and substantially in the form of the Stock Purchase Agreement attached hereto as **Exhibit "A"**, marked to show

**JOINT MOTION FOR ENTRY OF ORDER (A) APPROVING LANDRY'S RESTAURANTS, INC. AS THE STALKING HORSE, (B) AUTHORIZING AND SCHEDULING AN AUCTION FOR THE STOCK OF THE REORGANIZED DEBTORS, (C) APPROVING PROCEDURE FOR THE SUBMISSION OF QUALIFYING BIDS, (D) APPROVING BREAK-UP FEE, AND (E) APPROVING THE FORM AND MANNER OF NOTICE PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2002 - Page 4**

any changes to the form, which Bid must be firm and unconditional and not subject to any contingencies as to the validity, effectiveness and/or binding nature of the offer, including, without limitation, further due diligence review or financing;

b. the Stock Purchase Agreement must provide for a proposed initial purchase price of at least $350,000 higher than the Landry's proposal and a closing date no later than fifteen (15) days after entry of the order confirming the Joint Plan (the "Closing Date");

c. a $1,500,000.00 cash bid deposit ("Bid Deposit"), which shall be held by the Debtors in a single segregated interest-bearing account;

d. documents evidencing the corporate existence, authority, and good standing of the bidder, including corporate approval or authorization for the bidder's purchase of the Reorganized Oceanaire Stock;

e. documents evidencing the bidder's financial ability to close on the purchase of the Reorganized Oceanaire Stock by no later than April 15, 2010; and

f. if the bidder intends to appear at the Auction by agent, documents evidencing the authority of the agent to bind the bidder.

9. If the Movants, in consultation with the Agent, determine that an interested party has satisfied these requirements, that party will be certified as a Qualified Bidder ("Qualified Bidder") and will be notified of its status as a Qualified Bidder by no later than two business days before the Auction. In the event the Movants do not agree upon whether a particular bidder is a Qualified Bidder, Movants may agree to allow that bidder to conditionally participate in the Auction, with any disagreement over whether that bidder is a Qualified Bidder to be resolved by the Bankruptcy Court.

**B. The Auction**

10. The Auction will take place at 10:00 a.m. at least seven (7) days prior to the Confirmation Hearing, or such other date approved by the Court and set forth in the attached Bid

**JOINT MOTION FOR ENTRY OF ORDER (A) APPROVING LANDRY'S RESTAURANTS, INC. AS THE STALKING HORSE, (B) AUTHORIZING AND SCHEDULING AN AUCTION FOR THE STOCK OF THE REORGANIZED DEBTORS, (C) APPROVING PROCEDURE FOR THE SUBMISSION OF QUALIFYING BIDS, (D) APPROVING BREAK-UP FEE, AND (E) APPROVING THE FORM AND MANNER OF NOTICE PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2002 - Page 5**

Procedures, at the offices of Committee counsel, Munsch Hardt Kopf & Harr, P.C., 500 N. Akard, 3800 Lincoln Plaza, Dallas, Texas 75201.

11. At the outset of the Auction, the Movants will review the rules of participation, including the bidding increments approved by the Court and the deadlines and manner in which bids must be presented by each Qualified Bidder.

12. The Auction will be conducted in a manner whereby all Qualified Bidders are provided an opportunity to increase their bids. Adequate time will be provided to Qualified Bidders so that they can analyze a possible higher bid in order to make sure that the Auction nets the highest possible return for the Reorganized Oceanaire Stock, however, at no time shall the time between Qualifying Bids exceed one hour unless agreed by the Movants. At such time as the highest bid from a Qualified Bidder is received and no other Qualified Bidder bids an amount greater than such bid within one hour of the making of such highest bid, that party shall be designated as the Winning Bidder and the Auction will be concluded. No bids will be accepted after the conclusion of the Auction, and no Qualifying Bids may be modified or amended thereafter in any way. Immediately at the conclusion of the Auction, the Movants will notify all Qualified Bidders of the identity of the Winning Bidder and shall hold or return all Bid Deposits in accordance with the Bid Procedures.

13. The Movants (but only acting collectively and with the consent of the Agent) reserve the right to: (i) impose, before the Auction, additional terms and conditions on the sale of the Reorganized Oceanaire Stock consistent with the Bid Procedures Order; (ii) extend the deadlines set forth in the Bid Procedures; (iii) adjourn the Auction with sufficient and timely notice; and (v) implement non-material modifications of the Bid Procedures.

**JOINT MOTION FOR ENTRY OF ORDER (A) APPROVING LANDRY'S RESTAURANTS, INC. AS THE STALKING HORSE, (B) AUTHORIZING AND SCHEDULING AN AUCTION FOR THE STOCK OF THE REORGANIZED DEBTORS, (C) APPROVING PROCEDURE FOR THE SUBMISSION OF QUALIFYING BIDS, (D) APPROVING BREAK-UP FEE, AND (E) APPROVING THE FORM AND MANNER OF NOTICE PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2002 - Page 6**

14. Movants will evaluate each of the bids submitted at the Auction in consultation with their professionals. The Committee will, in consultation with the Agent, select and announce the highest and best bid as of the commencement of the Auction, at each stage of the bidding and at the conclusion of the Auction; *provided*, *however*, that once the aggregate cash consideration offered in connection with a highest and best bid has been increased such that the net recovery therefrom constitutes an amount sufficient to satisfy in full in cash the Allowed Class 2 Lenders' Secured claims and the estimated Allowed Claims of Class 4 General Unsecured Creditors, plus interest thereon, in accordance with the terms of the Joint Plan, then the selection of the highest and best bid thereafter will be made by the Debtors in consultation with the Agent; *provided*, *however*, that any subsequent bid determined by the Debtors to be the highest and best bid must provide for payment in full in cash of the unsecured creditors with interest as provided in the Joint Plan; it being understood that Clarion Capital Partners or its affiliates may elect to waive or subordinate distribution on their claims in connection with their bid, which will be deemed the same as payment for these purposes. If there is any dispute among the parties as to which bid constitutes a Qualifying Bid or the highest and best bid, or whether the threshold amount of cash bidding necessary to assure that the Allowed Claims of Class 4 General Unsecured Creditors, plus interest thereon, are paid in full, the parties shall submit the disputes to the Court and the Court shall resolve such disputes, and ultimately select the Equity Sponsor under the Joint Plan.

**C.     Qualifying Bids**

15. The "*Starting Bid*" at the Auction will be the highest initial bid offered by any Qualified Bidder in its Bid Package that provides, at a minimum, for the payment in full in cash

**JOINT MOTION FOR ENTRY OF ORDER (A) APPROVING LANDRY'S RESTAURANTS, INC. AS THE STALKING HORSE, (B) AUTHORIZING AND SCHEDULING AN AUCTION FOR THE STOCK OF THE REORGANIZED DEBTORS, (C) APPROVING PROCEDURE FOR THE SUBMISSION OF QUALIFYING BIDS, (D) APPROVING BREAK-UP FEE, AND (E) APPROVING THE FORM AND MANNER OF NOTICE PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2002 - Page 7**

of the Allowed Class 2 Lenders' Secured Claims in accordance with the terms of the Joint Plan. The Committee will inform all Qualified Bidders appearing at the Auction of the amount of the Starting Bid. Only "Qualifying Bids" will be accepted at the Auction. The bid offered by each Qualified Bidder in its Bid Package will automatically be a Qualifying Bid. Subsequent bids shall be Qualifying Bids if they provides, at a minimum, for the payment in full in cash of the Allowed Class 2 Lenders' Secured Claims in accordance with the terms of the Joint Plan, and are:

    (a)    Submitted by a Qualified Bidder;

    (b)    Submitted during the Auction;

    (c)    Submitted in compliance with the following bidding increment requirements:

        (1)    minimum increments of at least $100,000.00;

        (2)    if the Stalking Horse Bid is not the Starting Bid then the initial minimum overbid amount shall be at least $350,000 higher than the Stalking Horse Bid;

    (d)    Be without condition or requirement of any kind, other than those conditions and requirements contained in the Stock Purchase Agreement submitted by the Qualified Bidder in its Bid Package.

16. With respect to each successive Qualifying Bid, the Movants will give notice to all bidders of the highest Qualifying Bid, with selection authority as described in paragraph 14 above. Any Qualified Bidder may then notify the Movants of its desire to increase the amount of its current outstanding bid. Each Qualifying Bid will be binding and may not be withdrawn under any circumstances whatsoever.

D.    **The Break-Up Fee and Expense Reimbursement**

17. Movants request that Landry's be allowed a break-up fee/expense reimbursement in an amount equal to the lesser of (i) $300,000.00, or (ii) the actual amount of Landry's fees and expenses paid to third parties in connection with its due diligence and acquisition efforts incurred during the Bankruptcy Case (the "Break-Up Fee"). The proposed Break-Up Fee was determined with reference to Landry's actual fees and expenses through the filing of this Motion, plus a reasonable amount estimated to be incurred through the date of the Auction. The Break-Up Fee was not determined on a percentage basis; however, the Committee notes that it is equal to approximately 1.2% of Landry's initial proposed purchase price under the Stock Purchase Agreement. Movants believe that it is reasonable that this amount be approved as a Break-Up Fee/Expense Reimbursement particularly in light of Landry's contribution and significant efforts throughout this case in facilitating the sale process supporting the Joint Plan.

### IV. NOTICE OF THE BID PROCEDURES, THE AUCTION AND THE PROPOSED SALE IN ACCORDANCE WITH BANKRUPTCY RULE 2002

18. Movants propose to give notice of the Bid Procedures and the Auction as described herein which Movants believe is sufficient for all purposes. Upon entry of an Order approving this Motion, Movants propose to serve by first class mail, a copy of this Order, as well as the Notice of Bid Procedures, to the following:

   a. All parties that have previously contacted the Debtors or the Committee regarding the possible acquisition of the Debtors' assets and/or the Reorganized Oceanaire Stock;

   b. The Office of the United States Trustee;

   c. All parties who have requested notice pursuant to Bankruptcy Rule 2002;

   d. All secured creditors of the Debtors;

   e. Pertinent federal, state and local regulatory and taxing authorities; and

**JOINT MOTION FOR ENTRY OF ORDER (A) APPROVING LANDRY'S RESTAURANTS, INC. AS THE STALKING HORSE, (B) AUTHORIZING AND SCHEDULING AN AUCTION FOR THE STOCK OF THE REORGANIZED DEBTORS, (C) APPROVING PROCEDURE FOR THE SUBMISSION OF QUALIFYING BIDS, (D) APPROVING BREAK-UP FEE, AND (E) APPROVING THE FORM AND MANNER OF NOTICE PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2002 - Page 9**

     f.     Any parties identified by the Debtors, the Committee and their representatives, as potential purchasers of the Reorganized Oceanaire Stock.

19.     Movants submit that the foregoing notice is reasonably calculated to provide timely and adequate notice of the Bid Procedures and the Auction, as well as all other proceedings to be held thereon to creditors and other parties of interest, as well as to those that have expressed an interest in bidding on the Reorganized Oceanaire Stock.

20.     Based on the foregoing, Movants submit that the relief requested herein is necessary and appropriate, in the best interest of the estate and should be granted in all respects.

## V.     ARGUMENTS AND AUTHORITIES

**A.     The Auction is in the Best Interests of the Creditors of the Estates**

21.     Movants believe that these proposed Auction and Bid Procedures will provide the best opportunity to maximize the return for the Reorganized Oceanaire Stock. Qualified Bidders will be given an opportunity to participate in the Auction and bid on the Reorganized Oceanaire Stock. In the event the highest bidder fails to close, the process will allow for and identify the next highest bidder, which will be offered the opportunity to purchase the Reorganized Oceanaire Stock.

22.     The selection of the Stalking Horse Bid and provision for bid protections assures that a minimum sale price for the Reorganized Oceanaire Stock will be secured through Landry's. The Auction then has the potential to generate an even higher value which will benefit the unsecured creditors and, potentially, the existing equity interests in the Debtors. All of the Bid Procedures assist in facilitating these objectives and are in the best interest of the estate.

23.     Movants propose that, upon the Court's approval of this Motion, they will conduct the Auction as outlined herein, and will rely on the results of the Auction to select the

**JOINT MOTION FOR ENTRY OF ORDER (A) APPROVING LANDRY'S RESTAURANTS, INC. AS THE STALKING HORSE, (B) AUTHORIZING AND SCHEDULING AN AUCTION FOR THE STOCK OF THE REORGANIZED DEBTORS, (C) APPROVING PROCEDURE FOR THE SUBMISSION OF QUALIFYING BIDS, (D) APPROVING BREAK-UP FEE, AND (E) APPROVING THE FORM AND MANNER OF NOTICE PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2002 - Page 10**

Equity Sponsor under the Joint Plan and proceed to confirmation. Any dispute regarding the Auction or selection of the highest and best bidder for the Reorganized Oceanaire Stock shall be resolved by the Bankruptcy Court.

24. The proposed sale of the Reorganized Oceanaire Stock, as requested by this Motion, will maximize the proceeds to be received for the benefit of the creditors of the estates. Conversely, anything other than a prompt sale threatens to lower the proceeds available for creditors and increase the expense related to the Debtors' continuing ongoing obligations to operate the Debtors.

**B. Allowance of the Break-up Fee**

25. Movants request that the Break-Up Fee/Expense Reimbursement be authorized as permitted under sections 105(a), 363, and 503(b) of the Bankruptcy Code.

26. Break-up fees are a normal and, in many cases, necessary component of significant sales in bankruptcy: "[b]reak-up fees are important tools to encourage bidding and to maximize the value of the debtor's assets . . . In fact, because the . . . corporation ha[s] a duty to encourage bidding, break-up fees can be necessary to discharge [such] duties to maximize values." *Official Committee of Subordinated Bondholders v. Integrated Resources, Inc. (In re Integrated Resources, Inc.),* 147 B.R. 650, 659-60 (S.D.N.Y. 1992). Specifically, "break-up fees and other strategies may be legitimately necessary to convince a 'white knight' bidder to enter the bidding by providing some form of compensation for the risks it is undertaking." *In re 995 Fifth Ave. Assoc., L.P.*, 96 B.R. 24, 28 (Bankr. S.D.N.Y. 1989) (quotations omitted). *Accord Integrated Resources*, 147 B.R. at 660-61 (break-up fees can prompt bidders to commence negotiations and "ensure that a bidder does not retract its bid"); *In re Hupp Industries, Inc.*, 140

**JOINT MOTION FOR ENTRY OF ORDER (A) APPROVING LANDRY'S RESTAURANTS, INC. AS THE STALKING HORSE, (B) AUTHORIZING AND SCHEDULING AN AUCTION FOR THE STOCK OF THE REORGANIZED DEBTORS, (C) APPROVING PROCEDURE FOR THE SUBMISSION OF QUALIFYING BIDS, (D) APPROVING BREAK-UP FEE, AND (E) APPROVING THE FORM AND MANNER OF NOTICE PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2002 - Page 11**

B.R. 191, 194 (Bankr. N.D. Ohio 1992) ("without such fees, bidders would be reluctant to make an initial bid for fear that their first bid will be shopped around for a higher bid from another bidder who would capitalize on the initial bidder's . . . due diligence").

27. As a consequence, bankruptcy courts frequently approve break-up fees and expense reimbursements in connection with proposed bankruptcy sales. In the process, such courts generally consider "(1) whether the relationship of the parties who negotiated the fee is marked by self-dealing or manipulation; (2) whether the fee hampers, rather than encourages, bidding; and (3) whether the amount of the fee is reasonable in relation to the proposed purchase price." *In re Twenver, Inc.*, 149 B.R. 954, 956 (Bankr. D. Colo. 1992); *In re Bidermann Industries U.S.A., Inc.*, 203 B.R. 547, 552 (Bankr. S.D.N.Y. 1997).

28. Here, each of the listed factors supports granting Landry's the Break-Up Fee/Expense Reimbursement. The Break-Up Fee/Expense Reimbursement will maximize the value of the Reorganized Oceanaire Stock by, among other things:

(a) ensuring that the Reorganized Oceanaire Stock will be sold for at least the consideration offered by Landry's, which will provide funds to pay the creditors of the estate in full;

(b) lending credibility to the Auction and to the value of the Reorganized Oceanaire Stock, given Landry's size and sophistication, which will induce others to participate in the Auction and offer competitive bids; and

(c) ensuring that only serious potential purchasers will participate in the Auction.

Further, the Auction will be conducted in an open setting with orderly Auction procedures known to all potential purchasers.

29. Moreover, the Break-Up Fee/Expense Reimbursement was independently negotiated at arm's length. The Break-Up Fee/Expense Reimbursement does not constitute a

**JOINT MOTION FOR ENTRY OF ORDER (A) APPROVING LANDRY'S RESTAURANTS, INC. AS THE STALKING HORSE, (B) AUTHORIZING AND SCHEDULING AN AUCTION FOR THE STOCK OF THE REORGANIZED DEBTORS, (C) APPROVING PROCEDURE FOR THE SUBMISSION OF QUALIFYING BIDS, (D) APPROVING BREAK-UP FEE, AND (E) APPROVING THE FORM AND MANNER OF NOTICE PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2002 - Page 12**

windfall to Landry's but instead will compensate Landry's for its actual expenses incurred as a result of its participation.

**C.      Notice of the Proposed Sale**

30.      Movants have served this Motion on the United States Trustee, and on all parties listed on the Debtors' official short service list in these Bankruptcy Cases.

**VI.      PRAYER**

WHEREFORE, PREMISES CONSIDERED, Movants respectfully request that the Court enter an order: (i) granting this Motion; (ii) authorizing them to conduct the Auction for the sale of the Reorganized Oceanaire Stock under the procedures set forth herein; and (iii) granting Movants such other and further relief to which they may show themselves to be justly entitled.


DATED this 22nd day of February, 2010    **MUNSCH HARDT KOPF & HARR, P.C**.
3800 Lincoln Plaza
500 N. Akard Street
Dallas, Texas 75201-6659
Telephone: (214) 855-7500
Facsimile: (214) 978-4365

By: /s/ Joe E. Marshall
    Joe E. Marshall
    Texas Bar No. 13031100
    Deborah M. Perry
    Texas Bar No. 24002755

**ATTORNEYS FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**


**BRACEWELL & GIULIANI LLP**
1445 Ross Avenue, Suite 3800
Dallas, Texas  75202

Telephone: (214) 758-1095
Facsimile: (214) 758-8395

By: /s/ Brian C. Mitchell
    Samuel M. Stricklin
    Texas Bar No. 19397050
    Brian C. Mitchell,
    Texas Bar No. 24046452

**DUANE MORRIS LLP**
190 South LaSalle Street, Suite 3700
Chicago, IL 60603
Telephone: (312) 499-6700
Facsimile: (312) 499-6701

By: /s/ Matthew A. Olins
    John Robert Weiss (Admitted Pro hac vice)
    Matthew A. Olins (Admitted Pro hac vice)

**ATTORNEYS FOR THE DEBTORS AND DEBTORS-IN-POSSESSION**