

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described**.

Signed March 4, 2010                                            **United States Bankruptcy Judge**

---

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| THE OCEANAIRE TEXAS RESTAURANT | § | Case No. 09-34262-bjh-11 |
| COMPANY, L.P., *et al.*,[1] | § | Jointly Administered |
| | § | |
| Debtors. | § | |

**ORDER (A) APPROVING LANDRY'S RESTAURANTS, INC. AS THE STALKING HORSE BIDDER, (B) AUTHORIZING AND SCHEDULING AN AUCTION FOR THE STOCK OF THE REORGANIZED DEBTORS, (C) APPROVING PROCEDURE FOR THE SUBMISSION OF QUALIFYING BIDS, (D) APPROVING BREAK-UP FEE, (E) APPROVING FORM OF STOCK PURCHASE AGREEMENT, AND (F) APPROVING THE FORM AND MANNER OF <u>NOTICE PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2002</u>**

CAME ON FOR CONSIDERATION the Joint Motion for Entry of an Order (A) Approving Landry's Restaurants, Inc. as the Stalking Horse Bidder, (B) Authorizing and Scheduling an Auction for the Stock of the Reorganized Debtors, (C) Approving Procedure for the Submission of Qualifying Bids, (D) Approving Break Up Fee, and (E) Approving the Form

---

[1] The other Debtors in these cases include the following: The Oceanaire Restaurant Company, Inc., The Oceanaire, Inc., The Oceanaire Investment Company, Inc., The Oceanaire Minneapolis Restaurant Company, LLC, and The Oceanaire Texas Beverage Company, Inc. (together with The Oceanaire Texas Restaurant Company, L.P., the "<u>Debtors</u>").

**ORDER (A) APPROVING LANDRY'S RESTAURANTS, INC. AS THE STALKING HORSE, (B) AUTHORIZING AND SCHEDULING AN AUCTION FOR THE STOCK OF THE REORGANIZED DEBTORS, (C) APPROVING PROCEDURE FOR THE SUBMISSION OF QUALIFYING BIDS, (D) APPROVING BREAK-UP FEE, AND (E) APPROVING THE FORM AND MANNER OF NOTICE PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2002 – Page 1**

and Manner of Notice Pursuant to Federal Rule of Bankruptcy Procedure 2002 (the "Motion")[2], filed by the Official Committee of Unsecured Creditors (the "Committee") and the Debtors (collectively, the "Movants") for entry of an order (i) authorizing and scheduling an auction (the "Auction") for the sale of the stock of the Reorganized Debtors (the "Sale") pursuant to the terms of the Stock Purchase Agreement attached to the Bid Procedures (defined hereinbelow) (the "SPA") in accordance with the Bid Procedures for Auction of Stock of the Reorganized Debtors as Approved by the United States Bankruptcy Court for the Northern District of Texas, attached hereto (the "Bid Procedures"); (ii) authorizing and approving the Bid Procedures; (iii) approving Landry's Restaurants, Inc. ("Landry's") as the Stalking Horse bidder; (iv) authorizing and approving the proposed break-up fee for Landry's in connection with the Auction; (v) approving the form of the SPA; and (vi) authorizing and approving notice of the Auction; all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the Court having determined that the relief requested in the Motion is proper, lawful, necessary, appropriate and in the best interests of the Debtors, their estates, their creditors, and all parties in interest, and any objections to the Motion having been resolved or overruled by this Order, and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor; it is therefore

---

[2] All capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

ORDERED that the relief requested in the Motion is GRANTED to the extent provided herein; it is further

ORDERED that Landry's is approved as the Stalking Horse bidder in connection with the Auction and Sale; it is further

ORDERED that the form of SPA is approved and competing bids under the Bid Procedures shall be submitted in compliance therewith in all material respects; it is further

ORDERED that the amount of the Break-Up Fee, being the lesser of $300,000.00 or the actual amount of Landry's fees and expenses in connection with its due diligence and acquisition efforts incurred during the Bankruptcy Case, is reasonable and fairly compensates Landry's for its actual, incurred expenses and for the risk, delay, opportunity costs, and benefits conferred as a result of its acquisition efforts and negotiation of the Sale and the Bid Procedures, including the form of the SPA. The benefits gained by the Debtors' estates justify the Break-Up Fee. The Break-Up Fee is not the result of collusion or any self-dealing, and is instead the result of good faith and arm's length negotiations. The other bid procedures and protections contained herein, are reasonable, represent the exercise of sound business judgment, and will ensure that only committed and qualified bidders will participate in the Auction and that the highest value will be obtained; it is further

ORDERED that the Bid Procedures approved herein and attached hereto are appropriate, lawful, reasonable and the result of the Movants' sound exercise of business judgment, are in the best interests of the Debtors, their estates and creditors by serving to encourage competitive bidding and maximizing the Purchase Price, as well as ensuring that the Winning Bidder or the Runner-Up Bidder will be able to close the Sale and are, therefore, approved in all respects; it is further

ORDERED that the Auction shall be conducted according to the Bid Procedures and that such Bid Procedures shall be binding on all bidders; it is further

**ORDER (A) APPROVING LANDRY'S RESTAURANTS, INC. AS THE STALKING HORSE, (B) AUTHORIZING AND SCHEDULING AN AUCTION FOR THE STOCK OF THE REORGANIZED DEBTORS, (C) APPROVING PROCEDURE FOR THE SUBMISSION OF QUALIFYING BIDS, (D) APPROVING BREAK-UP FEE, AND (E) APPROVING THE FORM AND MANNER OF NOTICE PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2002 – Page 3**

ORDERED that the Auction shall commence at 10:00 a.m. prevailing Central Time on April 13, 2010, at the offices of Munsch Hardt Kopf & Harr, P.C., 3800 Lincoln Plaza, 500 N. Akard Street, Dallas, Texas 75201; it is further

ORDERED that no later than two (2) business days after the entry of this Order, the Movants shall serve a copy of this Order, the Bid Procedures and the SPA by first class mail, postage prepaid, or other method reasonably calculated to provide notice of the Bid Procedures and the Auction upon: (i) all parties that have previously contacted the Debtors or the Committee regarding the possible acquisition of the Debtors' assets and/or the Reorganized Oceanaire Stock; (ii) any parties identified by the Debtors, the Committee and their representatives as potential purchasers of the Reorganized Oceanaire Stock; (iii) the Office of the United States Trustee; (iv) all parties who have requested notice pursuant to Federal Rule of Bankruptcy Procedure 2002; (v) all secured creditors of the Debtors; and (vi) pertinent federal, state and local regulatory and taxing authorities; it is further

ORDERED that, in the event that a party other than Landry's is the Winning Bidder and Landry's has not impermissibly (under the terms of the SPA or this Order) withdrawn or terminated its participation in the Auction, the Break-Up Fee shall constitute an allowed administrative expense of the Debtors' estates under the provisions of section 503(b) of the Bankruptcy Code and Landry's shall be paid the Break-Up Fee within five (5) business days of the closing directly from the proceeds of the Sale, free and clear of all interests, claims, liens, and encumbrances, and such payment shall not be subject to disgorgement. Landry's shall not be paid the Break-Up Fee if it is the Winning Bidder; it is further

ORDERED that compliance with the notice requirements set forth herein shall constitute good and sufficient notice of the Bid Procedures and Auction, and no other or further notice of the Bid Procedures or Auction shall be necessary or required; it is further

ORDERED that in the event of any inconsistencies in the terms of the SPA, the Bid Procedures and this Order, the more specific terms of the SPA shall control; it is further

ORDERED that the Court shall retain jurisdiction to hear and adjudicate any dispute arising under this Order. The relief granted by this Order is limited in nature and, except where explicitly stated, does not adjudicate any issue, grant any relief, or prejudice any issue or party.

### END OF ORDER ###

**THE ATTACHMENT (BID PROCEDURES FOR AUCTION OF STOCK OF THE REORGANIZED DEBTORS AS APPROVED BY THE UNITED STATES BANKRUPTCY COURT FOR THE NORTHERN DISTRICT OF TEXAS) WAS FILED UNDER DOCKET NO. 512**

Agreed as to form and content:

Joe E. Marshall
Texas Bar No. 13031100
Deborah M. Perry
Texas Bar No. 24002755
**MUNSCH HARDT KOPF & HARR, P.C.**
3800 Lincoln Plaza
500 N. Akard Street
Dallas, Texas 75201-6659
Telephone: (214) 855-7500
Facsimile: (214) 855-7584

**ATTORNEYS FOR THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS**

John Robert Weiss
**DUANE MORRIS LLP**
190 South LaSalle Street, Suite 3700
Chicago, Illinois 60603
Telephone: (312) 499-6700
Facsimile: (312) 499-6701

       and

Samuel M. Stricklin
Texas Bar No. 19397050
**BRACEWELL & GIULIANI LLP**
1445 Ross Avenue, Suite 3800
Dallas, Texas 75202
Telephone: (214) 758-1095
Facsimile: (214) 758-8395

**ATTORNEYS FOR THE DEBTORS AND
DEBTORS-IN-POSSESSION**

**ORDER (A) APPROVING LANDRY'S RESTAURANTS, INC. AS THE STALKING HORSE, (B) AUTHORIZING AND SCHEDULING AN AUCTION FOR THE STOCK OF THE REORGANIZED DEBTORS, (C) APPROVING PROCEDURE FOR THE SUBMISSION OF QUALIFYING BIDS, (D) APPROVING BREAK-UP FEE, AND (E) APPROVING THE FORM AND MANNER OF NOTICE PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2002 – Page 6**

MHDocs 2538731_3 11133.1