

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described**.

**Signed March 16, 2010**                    **United States Bankruptcy Judge**

---

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| THE OCEANAIRE TEXAS RESTAURANT COMPANY, L.P., *et al.*,[1] | Case No.: 09-34262-bjh-11 |
| | Jointly Administered |
| Debtors. | |

**ORDER (A) APPROVING DISCLOSURE STATEMENT FOR THE FIRST AMENDED JOINT PLAN OF REORGANIZATION PROPOSED BY THE DEBTORS AND OFFICIAL COMMITTEE OF UNSECURED CREDITORS UNDER CHAPTER 11 OF THE UNITED STATES BANKRUPTCY CODE, (B) SCHEDULING A HEARING TO CONSIDER CONFIRMATION OF FIRST AMENDED JOINT PLAN OF REORGANIZATION PROPOSED BY THE DEBTORS AND OFFICIAL COMMITTEE OF UNSECURED CREDITORS UNDER CHAPTER 11 OF THE UNITED STATES BANKRUPTCY CODE, (C) ESTABLISHING VOTING AND OBJECTION DEADLINES, AND (D) APPROVING SHORTENED BALLOTING, <u>SOLICITATION, VOTING AND NOTICE PROCEDURES</u>**

Upon the record of the hearings held on March 16, 2010 (the "<u>Disclosure Statement</u>

<u>Hearing</u>") to consider the Joint Motion of the Debtors and the Official Committee of Unsecured

---

[1]     The other Debtors in these cases include The Oceanaire Restaurant Company, Inc., The Oceanaire, Inc., The Oceanaire Investment Company, Inc., The Oceanaire Minneapolis Restaurant Company, LLC, and The Oceanaire Texas Beverage Company, Inc.

Creditors for Entry of Order (A) Approving Disclosure Statement for the Joint Plan of Reorganization Proposed By the Debtors and Official Committee of Unsecured Creditors under Chapter 11 of the United States Bankruptcy Code, (B) Scheduling a Hearing to Consider Confirmation of the Joint Plan of Reorganization Proposed By the Debtors and Official Committee of Unsecured Creditors under Chapter 11 of the United States Bankruptcy Code, (C) Establishing Voting and Objection Deadlines, and (D) Approving Shortened Balloting, Solicitation, Voting and Notice Procedures (the "Motion")[2] and all proceedings had before the Bankruptcy Court; and it appearing that the relief requested is in the best interest of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), their estates, their creditors, equity interest holders and other parties in interest; and it appearing that notice of the Motion and the opportunity for a hearing on the Motion was appropriate under the circumstances and that no other further notice need be given; and after due deliberation and sufficient cause appearing therefor,

**THE BANKRUPTCY COURT HEREBY FINDS AND DETERMINES THAT**:[3]

A. The Bankruptcy Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of this proceeding and this Motion in this District are proper under 28 U.S.C. §§ 1408 and 1409.

B. Notice of the Motion and of the objection and hearing dates with respect to the Disclosure Statement Hearing provided in the Notice of Hearing to Approve Disclosure Statement [Docket No. 508] were proper and comply with the notice requirements of Bankruptcy

---

[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in Motion, the Plan (as that term is defined below), or the Disclosure Statement (as that term is defined below), as applicable.

[3] This Order constitutes this Court's findings of fact and conclusions of law. Any and all findings of fact shall constitute findings of fact even if they are stated as conclusions of law, and any and all conclusions of law shall constitute conclusions of law even if they are stated as findings of fact.

Rule 2002(b).

C.     The Disclosure Statement for First Amended Joint Plan of Reorganization Proposed By the Debtors and Official Committee of Unsecured Creditors under Chapter 11 of the United States Bankruptcy Code [Docket No. 542] (as the same may hereafter be modified or supplemented, the "Disclosure Statement") contains "adequate information" within the meaning of section 1125 of the Bankruptcy Code.

D.     The proposed solicitation and noticing materials and noticing and voting procedures described in the Motion provide for a fair and equitable voting process and are consistent with, and satisfy the requirements of the Bankruptcy Code and the Bankruptcy Rules.

E.     The form of the Ballots, in substantially the form of the Ballots attached to the Motion, are sufficiently consistent with Official Form No. 14, and are appropriate for soliciting votes from holders of Claims.

F.     The period, set forth below, during which the Debtors and the Official Committee of Unsecured Creditors (the "Committee") may solicit acceptances to the First Amended Joint Plan of Reorganization Proposed By the Debtors and Official Committee of Unsecured Creditors under Chapter 11 of the United States Bankruptcy Code [Docket No. 540] (as the same may hereafter be modified, the "Plan") is a reasonable period of time for holders of Claims to make an informed decision to accept or reject the Plan.

**NOW THEREFORE, IT IS HEREBY ORDERED**

1.     The Motion is granted to the extent provided herein.

2.     The Disclosure Statement complies with all aspects of the Bankruptcy Code and Bankruptcy Rules including, but not limited to, section 1125 of the Bankruptcy Code and

Bankruptcy Rule 3017(b), and is hereby approved as containing adequate information, as defined by section 1125(a) of the Bankruptcy Code.

3.      The Debtors have provided adequate notice of the time fixed for filing objections to the Disclosure Statement and the hearing to consider approval of the Disclosure Statement in accordance with Bankruptcy Rules 2002 and 3017.

4.      The Plan and Disclosure Statement provide Creditors, holders of Equity Interests, and other parties in interest with sufficient notice regarding the injunction, exculpation, and release provisions contained in the Plan in compliance with Bankruptcy Rule 3016(c).

5.      Any objections to approval of the Disclosure Statement that were not withdrawn at or prior to the hearing to consider approval of the Disclosure Statement are overruled.

**Solicitation Procedures**

6.      The solicitation and noticing materials and noticing and voting procedures proposed in the Motion are hereby approved.

7.      The forms of each Ballot, the Confirmation Hearing Notice, the Cover Letter, the Equity Notice, and Non-Voting Notice, in substantially the form attached to the Motion, are approved, satisfy the requirements of the Bankruptcy Code and the Bankruptcy Rules, and are authorized for transmission.

8.      The Debtors and the Committee may file any additional exhibits and schedules to the Plan and/or other appendices to the Disclosure Statement, including, without limitation, the Plan Supplement, and post such exhibits and appendices at http://www.oceanairereorg.com on or before two (2) days after the conclusion of the Auction.

9.      The Debtors proposal to serve the Solicitation Packages to Holders of Claims entitled to vote on the Plan on or before March 18, 2010 (the "Solicitation Date") is approved.

10. In lieu of service of the Solicitation Package, Garden City may serve the Equity Notice and the Confirmation Hearing Notice upon holders of Existing Equity Interests on or before the Solicitation Date.

11. In lieu of the Solicitation Package, Garden City may serve the Non-Voting Notice and the Confirmation Hearing Notice upon holders of Administrative Claims, Priority Tax Claims, Class 1 – Other Priority Claims and Class 3 – Other Secured Claims on or before the Solicitation Date.

12. Class 5 – Intercompany Claims and Class 6 – Intercompany Equity Interests need not receive a Solicitation Package or any other form of notice with respect to the Plan, Disclosure Statement, or the hearing to confirm the Plan.

13. Garden City's service on all entities on the Debtors' Creditor Matrix with the Confirmation Hearing Notice on or before the Solicitation Date constitutes sufficient notice of the hearing on the confirmation of the Plan and the deadline for objections thereto.

14. With respect to any claim that has been (a) disallowed, (b) withdrawn or otherwise expunged, (c) listed on the Debtors' Schedules as disputed, contingent, unliquidated, or in a zero or unknown dollar amount for which a proof of claim has not been filed, (d) filed after the applicable bar date, or (e) filed as contingent, unliquidated, or in zero dollar amount, the Debtors and the Committee need not send a Solicitation Package to the holders of any such claims due to the fact that they do not hold allowable claims in the Bankruptcy Case.

15. The Debtors, the Committee, and Garden City need not give notice or service of any kind to an entity to whom any of the Debtors, the Committee or Garden City have previously mailed a notice that was returned marked "undeliverable as addressed," "moved-left no forwarding address," "forwarding order expired," or other equivalent language, unless the

Debtors or Garden City have been informed in writing by the intended recipient of that person's new or correct address.

**Record Date**

16. March 16, 2010 at 5:00 p.m. prevailing Eastern Time shall be the Record Date for determining: (a) the holders of Claims and Equity Interests that are entitled to receive the Solicitation Package or applicable Notice; (b) the holders of Claims entitled to vote to accept the Plan; and (c) whether Claims have been properly transferred to an assignee pursuant to Bankruptcy Rule 3001(e) such that the assignee can vote as the holder of a Claim.

**Voting and Objection Deadlines**

17. All votes to accept or reject the Plan must be cast by using the appropriate Ballot.

18. All Ballots must be actually received by Garden City at the applicable address set forth on the Ballots on or before April 19, 2010 at 5:00 p.m. prevailing Eastern Time (the "Voting Deadline"), and Garden City shall be responsible for the tabulation of Ballots.

19. Any objection to the Plan must (a) be in writing; (b) state with particularity the grounds (including any applicable legal authority) of objection and identify the specific section and/or text of the Plan to which the objection is focused; (c) be filed with the Court no later than April 19, 2010 at 5:00 p.m. prevailing Central Time (the "Confirmation Objection Deadline"); and (d) be served so that it is actually received no later than the Confirmation Objection Deadline by the following parties:

Counsel for Committee:

Munsch Hardt Kopf & Harr, P.C.
3800 Lincoln Plaza
500 N. Akard Street
Dallas, Texas 75201-6659
Attn: Joe E. Marshall
Telephone: (214) 855-7500

Facsimile:  (214) 978-4365

<u>Counsel for the Debtors</u>:

| | |
|---|---|
| Duane Morris LLP | Bracewell & Giuliani LLP |
| 190 South LaSalle Street | 1445 Ross Avenue |
| Suite 3700 | Suite 3800 |
| Chicago, Illinois 60603 | Dallas, Texas 75202-2711 |
| Attention:  John Robert Weiss, Esq. | Attention:  Samuel M. Stricklin |
| Telephone:  (312) 499-6700 | Telephone:  (214) 758-1095 |
| Facsimile:  (312) 499-6701 | Facsimile (214) 758-8395 |

<u>United States Trustee</u>:

Office of United States Trustee
Attn: George F. McElreath
1100 Commerce Street, Room 976
Dallas, Texas 75242
Facsimile: (214) 767-8971

**<u>Executory Contracts</u>**

20.     The winner at the auction to take place pursuant to the Order (A) Approving Landry's Restaurants, Inc. as the Stalking Horse Bidder, (B) Authorizing and Scheduling an Action for the Stock of the Reorganized Debtors, (C) Approving Procedure for the Submission of Qualifying Bids, (D) Approving Break Up Fee, (E) Approving Form of Stock Purchase Agreement, and (F) Approving the Form and Manner of Notice Pursuant to Federal Rule of Bankruptcy Procedure 2002 (Docket No. 516) shall advise the Debtors at the auction as to what contracts and/or leases it intends to assume.  The Debtors shall send a notice of assumption on or before April 15, 2010, which notice shall include proposed cure amounts, to all holders of executory contracts and/or leases that will be assumed.

21.     Notwithstanding anything else contained herein to the contrary, executory contract holders with contracts that are assumed or rejected as part of the auction and Plan shall have until April 23, 2010, 5:00 p.m. prevailing Central Time, to file objections to the Plan.  All

such objections must otherwise comply with paragraph 19 hereof. Untimely and non-compliant objections to confirmation of the Plan may be summarily stricken and/or overruled by the Court.

22.     Notwithstanding anything else contained to the contrary, all executory contract holders with contracts that are assumed or rejected as part of the auction and Plan shall have until April 23, 2010, 5:00 p.m. prevailing Eastern Time, to cast a ballot to accept or reject the Plan. All such ballots must actually be received by Garden City at the applicable address set forth on the ballots on or before April 23, 2010, 5:00 p.m. prevailing Eastern Time (the "Executory Contract Voting Deadline").

**Rule 3018(a) Motion Deadline**

23.     Any creditor who wishes to file a motion pursuant to Rule 3018(a) for temporary allowance of a claim for voting purposes (a "Rule 3018(a) Motion") shall file such motion on or before April 12, 2010 at 5:00 p.m. prevailing Central Time (the "Rule 3018(a) Motion Deadline"), which motions shall be heard at the commencement of the Confirmation Hearing. Any ballot cast for a claim to which an objection has been filed and for which no Rule 3018(a) Motion has been filed by the Rule 3018(a) Motion Deadline shall not be counted.

**Confirmation Hearing**

24.     The Confirmation Hearing shall be held before this Court on **April 26, 2010 at 1:15 p.m.** prevailing Central Time.

**Procedures for Vote Tabulation**

25.     Any Ballot timely received that contains sufficient information to permit the identification of the claimant and is cast as an acceptance or rejection of the Plan will be counted and will be deemed to be cast as an acceptance or rejection of the Plan, as the case may be, unless otherwise provided herein.

26.     The following additional Voting Procedures in relation to the determination and tabulation of votes on the Plan are approved:

(a)     <u>Use of Approved Ballots; Due Execution</u>.  All votes to accept or reject the Plan must be cast using the applicable forms of Ballots authorized by the Bankruptcy Court for use in casting votes on the Plan.  Ballots must be executed by either (i) the actual holder of the claim entitled to vote on the Plan, or (ii) an authorized signatory for such claimholder who has full power and authority to vote on behalf of the claimholder.  Votes cast in any other manner shall not be counted.  Any Ballot that is unsigned shall not be counted.

(b)     <u>Ambiguous or Unclear Vote on Plan</u>.  Any Ballot received which (i) does not reflect either acceptance or rejection of the Plan, (ii) reflects both acceptance and rejection of the Plan, or (iii) is illegible or contains insufficient information to permit the identification of the claimant shall be deemed an invalid Ballot and not counted.

(c)     <u>Separate Ballots for Separate Classes</u>.  If a creditor holds a claim(s) in more than one class under the Plan, then an appropriate approved Ballot must be completed, duly-executed and timely returned for the claim(s) in each such class.  A Ballot for a particular class shall only apply to the claim falling within such class and shall not apply to any claims held in any other class.

(d)     <u>Submission of Multiple Ballots</u>.  If multiple Ballots are cast by a creditor on account of a single claim within a particular class, then the last received Ballot (if otherwise valid) up to the time of the Voting Deadline shall control, and all previously-submitted Ballots shall be deemed superseded and null and void.  However, the Debtors and the Committee shall retain their rights to object to the validity of the second ballot on any basis, and if such objection is sustained, the first Ballot may be counted if it is otherwise valid.

(e)     <u>Delivery of Ballots</u>.  Ballots may be delivered by mail, hand or overnight courier, provided they are <u>actually received</u> by Garden City by no later than 5:00 p.m. (prevailing Eastern Time) on the date of the Voting Deadline or the Executory Contract Voting Deadline, as applicable.  Any ballot received after the Voting Deadline or the Executory Contract Voting Deadline, as applicable, shall not be counted (in the absence of the Bankruptcy Court's entry of an order extending such voting deadline or otherwise permitting the late vote).  Any ballot submitted by facsimile, email, or other unauthorized form of transmission shall not be counted.

(f)     <u>Allowed Amount of Filed Claims for Purposes of Voting</u>.  If a proof of claim has been filed by the applicable bar date, then for purposes of voting on the Plan only, the claim asserted thereby shall be deemed allowed to the extent that the proof of claim reflects a fixed, liquidated amount; *provided, however*, that if an objection

has been filed to the claim, then only the amount of the claim that has not been objected to shall be deemed allowed for purposes of voting on the Plan unless, after notice and a hearing, the Bankruptcy Court temporarily allows the claim in a different amount pursuant to Rule 3018 of the Federal Rules of Bankruptcy Procedure.

(g)    <u>Allowed Amount of Scheduled Claims for Purposes of Voting</u>.  For claims that have been listed on the Debtors' Schedules in relation to which no superseding proof of claim has been filed, then for purposes of voting on the Plan only, the scheduled claim shall be deemed allowed to the extent that such claim is listed as undisputed, non-contingent and liquidated in amount; *provided, however*, that if an objection has been filed to the claim, then only the amount of the claim that has not been objected to shall be deemed allowed for purposes of voting on the Plan unless, after notice and a hearing, the Bankruptcy Court temporarily allows the claim in a different amount pursuant to Rule 3018 of the Federal Rules of Bankruptcy Procedure.  Any ballot cast for a claim scheduled as unliquidated, contingent, or disputed and for which (i) no proof of claim was timely filed by the applicable bar date and (ii) no Rule 3018(a) Motion has been filed by the Rule 3018(a) Motion Deadline shall not be counted.

(h)    <u>Allowance for Voting Purposes Only</u>.  If a claim has been estimated or otherwise allowed for voting purposes by order of the Court, such claim is temporarily allowed in the amount so estimated or allowed by the Court for voting purposes only, and not for purposes of allowance or distribution unless the Court's order so provides.

(i)    <u>Ballots Cast in Relation to Invalid Claims</u>.  Any Ballot cast by a party that (i) has not filed a proof of claim or has filed a proof of claim after the applicable bar date and (ii) is not listed on the Schedules as holding an undisputed, non-contingent and liquidated claim in an amount greater than zero shall not be counted.  Any ballot cast by a person or entity that does not hold a claim in a class that is entitled to vote to accept or reject the Plan shall not be counted.

(j)    <u>Change of Vote After Voting Deadline</u>.  Once the Voting Deadline or Executory Contract Voting Deadline, as applicable, has passed (as originally set or as hereafter extended by order of the Bankruptcy Court), a vote may not be changed or withdrawn in the absence of leave of court pursuant to Rule 3018 of the Federal Rules of Bankruptcy Procedure.

(k)    <u>Bad Faith Submissions</u>.  A vote may be disregarded if, after notice and a hearing, the Bankruptcy Court determines that such vote was not in good faith, or was not solicited or procured in good faith or in accordance with applicable provisions of the Bankruptcy Code.

(l)    <u>No Vote Splitting</u>. Claim splitting is not permitted and creditors who vote must vote all of their claims within a particular class to either accept or reject the Plan.

(m)     <u>Vote Tabulation</u>.   Ballots will be tabulated by Debtor using the claim amount allowed for voting purposes and Debtor against which such claim is held.   Garden City shall be responsible for the tabulation of Ballots.

(n)     <u>Objections for Voting Purposes Only</u>.   The Debtors and/or the Committee shall file and serve objections to claims for voting purposes only, and not for purposes of allowance or distribution, on or before April 5, 2010.

(o)     Garden City shall file a declaration setting forth a tabulation of votes cast (the "<u>Voting Report</u>") with the Court on or before April 21, 2010.   Garden City shall file an updated Voting Report with the Court to account for the votes of executory contract holders received on or before the Executory Contract Voting Deadline on or before April 24, 2010.

27.     This Court retains jurisdiction with respect to all matters arising from or related to

the implementation of this Order.

# # #   END OF ORDER   # # #

<u>Submitted by</u>:

John Robert Weiss (Admitted *pro hac vice*)
Rosanne Ciambrone (Admitted *pro hac vice*)
Matthew A. Olins (Admitted *pro hac vice*)
Duane Morris LLP
190 South LaSalle Street, Suite 3700
Chicago, IL 60603-3433
Telephone: (312) 499-6700
Facsimile: (312) 499-6701
Email: maolins@duanemorris.com

-and-

Samuel M. Stricklin, State Bar No. 19397050
Brian C. Mitchell, State Bar No. 24046452
Bracewell & Giuliani LLP
1445 Ross Avenue Suite 3800
Dallas, TX 75202-2711
Telephone: (214) 758.1095
Facsimile: (214) 758.8395
Email: sam.stricklin@bgllp.com

-and-

Joe E. Marshall, Texas Bar No. 13031100
Deborah M. Perry, Texas Bar No. 24002755
Munsch Hardt Kopf & Harr, P.C.
3800 Lincoln Plaza
500 North Akard Street
Dallas, Texas 75201-6659

Telephone: (214) 855-7500
Facsimile:  (214) 855-7584
Email: jmarshall@munsch.com